United States District Court
Southern District of Texas
ENTERED

APR - 7 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYL STEVEN TURNER | § | |
| | § | |
| V. | § | C.A. NO. C-00-15 |
| | § | |
| DR. PALACIOS, ET AL. | § | |

## ORDER FOR SERVICE OF PROCESS

With respect to the above-styled cause of action, it is ordered:

1. The Clerk of the Court shall issue summons and the U.S. Marshal shall serve copies of the complaint (Instrument #1) and this order to Andy Taylor, First Assistant Attorney General. It is further ordered that the Office of the Attorney General of the State of Texas, pursuant to its policy, will either obtain authority to represent the following defendants within thirty (30) days after receipt of this order or file within the same time period with this Court a statement of the address of the defendants executed by an authorized agent of the Texas Department of Criminal Justice, Institutional Division: <u>Dr. Palacios and Dr. Kelly</u>. Defendants are alleged to have worked for the University of Texas Medical Branch at the Texas Department of Criminal Justice - Institutional Division, Garza West Unit in Beeville, Texas. The affidavit may be filed ex parte and sealed subject to a motion to unseal for good cause by plaintiff.

2. Defendants shall file their answer within thirty (30)

days of receipt of the complaint. In their answer, defendants shall respond separately to each and every factual and legal allegation in plaintiff's complaint. Defendants shall file any dispositive motions, including a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within one hundred and twenty (120) days after the date that defendant's answer is due. Defendants shall submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and defendant's defenses, including copies of any written TDCJ-ID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If defendants fail to file any motions for dismissal and/or summary judgment within the one hundred and twenty (120) day time limit, a scheduling order will be entered and docket call will be held within sixty (60) days. Defendants and plaintiff will each be required to file pretrial orders at docket call. The case will be scheduled for trial within two months of docket call.

 Plaintiff will respond to defendants' dispositive motions within forty-five (45) days of the date in which defendants mailed plaintiff their copy of such pleadings, as shown on the defendants' certificate of service. Failure of plaintiff to respond to defendants' motion within the time limit will, if appropriate, result in granting of summary judgment in favor of defendants, and may result in dismissal for want of prosecution.

 3. It is further ordered that each party shall serve the other party, or his counsel, with a copy of every pleading,

motion, or other paper submitted to the Court for consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding pro se, by said party, with address likewise stated. In the case of the pro se party, only signature by the pro se party will be accepted. If a layman signs a pleading, motion, or other document on behalf of the pro se party, it will not be considered by the Court.

Furthermore, every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanctions by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

4. There will be no direct communication with the United States Magistrate Judge. Communications must be submitted to the Clerk of the Court with copies to the other party. See Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

ORDERED this 6 day of April, 1999.

_Jane Cooper-Hill_
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE