IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYL STEPHEN TURNER<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | Civil Action No. C-00-15 |
| | § | |
| DR. PALACIOS, ET AL.,<br>*Defendants.* | §<br>§<br>§ | |

### DEFENDANTS' NOTICE OF DESIGNATION OF EXPERT WITNESSES AND EXPERT REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Defendants Dan Kelly, MD, and Stephen Palcios, PA, hereinafter referred to as Defendants in the above-entitled and numbered cause, by and through their attorney, the Attorney General of Texas, and file this **Defendants' Notice of Designation of Expert Witnesses and Expert Report**. In support thereof, Defendants would show as follows:

Defendants hereby designate M. J. Herrera, M.D., an expert witness on the medical treatment received by Plaintiff Daryl S. Turner, and on TDCJ-ID medical treatment policies and procedures. Dr. Herrera's expert report is enclosed.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
GERARD R. RAWLS
Assistant Attorney General
Attorney-in-Charge
State Bar No. 90001974
Southern Dist. No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone: (512) 463-2080
Fax No: (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
KELLY AND PALACIOS**

## CERTIFICATE OF SERVICE

I, GERARD R. RAWLS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the **Defendants' Notice of Designation of Expert Witnesses and Expert Report** has been served by placing same in the United States mail on this the 16TH day of November, 2000 addressed to:

| | |
|---|---|
| Darryl S. Turner, TDCJ-ID No. 885610<br>Byrd Unit<br>P.O. Box 100<br>Huntsville, Texas 77342-0100 | *Via CM/RRR No. 7000 0600 0027 6914 9887* |

_____
GERARD R. RAWLS
Assistant Attorney General

# THE UNIVERSITY OF TEXAS - MEDICAL BRANCH
# CORRECTIONAL MANAGED HEALTH CARE
## WILLIAM G. MCCONNELL UNIT - TDCJ-ID
### 3001 S. EMILY DRIVE
### BEEVILLE, TEXAS 78102
### (361) 362-2300

TO:      Gerald R. Rawls
         Assistant Attorney General

FROM:    M. J. Herrera, MD
         Associate Regional Medical Director for Western Region

SUBJECT: Darryl S. Turner      TDCJ# 885610

DATE:    9-1-00

Dear Mr. Rawls:

At the request of your office, I am hereby rendering this expert witness report.

My full name is Maximiliano J. Herrera, M.D. I am a licensed and practicing physician in the state of Texas. At the present time, I am employed by the UTMB-correctional medical department, in the capacity of Associate Medical Director for the Western Region, and facility medical director at the McConnell unit, at Beeville, Texas.

Review of medical records of Offender Turner, TDCJ 885610 shows that on 9-99, he was admitted to the Garza unit, intake facility of TDCJ, at Beeville, Texas.

At his evaluation by the medical personnel, prior to his physical exam, on 9-99 offender Turner stated that he was suffering with seizures and taking depakene a medication also know as Valproic acid, for control of his seizures.

At his physical examination, by physician assistant E. Palacios, offender Turner also stated that he had a history of seizures, apparently controlled by valproic acid. Mr. Palacios reports a history of seizures and addition ordered a blood examination to determine the level of valporic acid in offender Turner's blood. He also requested copies of offender Turner's medical records to collaborate offender's Turner's seizures history and further care. A copy of the transfer form from Bexar county jail dated 9-9-99 and signed by offender Turner stated that had a seizure disorder, however had no indications that he had been medicated for that condition.

Offender Turner's records also reveal that following that visit, he was seen several times at Nurse Sick Call, many times requesting to be placed on his medications and restrictions for that condition.

On 9-22-99, offender Turner was again interviewed by physician assistant Palacios. The clinical

918

note at that date reported a valporic acid level of 4 (non-therapeutic), and it states that medical records requested records from the county jail or another medical sources were not received yet. At that time Mr. Palacios recommended for offender Turner to have restrictions suitable for a person with seizure disorder (lower bunk assignment, sedentary work, no climbing, and no work around machinery with moving parts).

He again requested medical records from Bexar county jail. For the next week, offender Turner was seen at nurse sick call inquiring about his seizure medication. He was scheduled to have an evaluation by the chronic care clinic education nurse to address the matters of his seizures or epilepsy, however he did not show for said appointment.

On 10-4-99, medical personnel were called down to the dormitory where offender Turner was housed. He apparently was having a grand mal seizure with bleeding in the back of his head. He was immediately taken to the medical department and then was taken to the local hospital. He was seen at Cristus Spohn Regional Medical Center and was started on Dilantin for control of his seizures. He was then transferred back to the Garza unit where he then was continued on the recommended medications.

In summary, offender Turner was admitted to Garza intake facility on 9-9-99. Physician assistant Palacios was apparently in the process of evaluating the needs of initiating medications on offender Turner in the absence of seizure activity /or a clear indication by the Bexar county medical transfer notes.

The copies of medical records available to him (PA Palacios) do not include copies of medical records from Bexar county jail nor any other medical facility collaborating the history medication for seizures. The clinical presentation of offender Turner's with acute grand mal seizures on 10-4-99 was the only indication for offender Turner to continue his anti-convulsive therapy.

_____
Dr. Maximiliano J. Herrera
Facility Medical Director