Case 2:00-cv-00015   Document 24   Filed in TXSD on 12/04/2000   Page 1 of 43

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. C-00-15** |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Defendants Dan Kelly, MD, and Esteban Palacios, PA, hereinafter referred to as Defendants in the above-entitled and numbered cause, by and through their attorney, the Attorney General of Texas, and file this **Defendants' Motion for Summary Judgment**. In support thereof, Defendants would show as follows:

## I.

## STATEMENT OF THE CASE

The Plaintiff, Darryl Turner, is an inmate confined within the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). Proceeding *pro se* and *in forma pauperis*, Turner filed his complaint under 42 U.S.C. § 1983. Specifically, Turner alleges that Defendants Dan Kelly, MD, and Esteban Palacios, PA, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment from September 9, 1999, to October 10, 1999, while he was confined at the Garza West Unit in Beeville, Texas. *See* Plaintiff's Complaint at 3. Because of the alleged constitutional violation, Turner seeks $6,500 in compensatory damages from each defendant and $5,000 in punitive damages from each Defendant. *Id.* at 4.

24.

## II.

## MOTION FOR SUMMARY JUDGMENT

Defendants Kelly and Palacios now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. First, Plaintiff's allegations of a constitutional deprivation based on deliberate indifference are insufficient to carry his evidentiary burden against Defendants. Second, Plaintiff has failed to overcome the Defendants' entitlement to the defense of qualified immunity. Thus, without a genuine issue as to any material fact, Defendants are entitled to judgment as a matter of law.

In support of and as part of their Motion for Summary Judgment, Defendants rely on the following:

Exhibit A:  Portions of Plaintiff's TDCJ-ID Health Records with business records affidavit; and

Exhibit B:  Dr. M. Herrera's Medical Narrative Opinion.

## III.

## UNDISPUTED FACTS

The following facts are not at issue:

1.  Plaintiff Darryl Turner is an inmate confined within the TDCJ-ID. *See* Plaintiff's Complaint at 2; Defendants' Original Answer and Jury Demand at 1.

2.  Turner was confined at the TDCJ-ID's Garza West Unit in Beeville, Texas, from September 9, 1999 *to* October 5, 1999. *Exhibit A* at 1-24.

3.  Defendants Kelly and Palacios were employed by UTMB as medical personnel on September 12, 1999, at the Garza West Unit. *See* Plaintiff's Complaint at 3-4; Defendants Original Answer and Jury Demand at 1.

4.  On September 9, 1999, Plaintiff was seen in the infirmary for intake. At that time Plaintiff claimed that he was on Depakene, a seizure medication. The Texas

Uniform Health Status Update from the Bexar County jail did not indicate that Plaintiff was on Depakene or any other medication. A Chronic Care Clinic appointment was set and an order for blood examination to determine the level of Valporic acid in Plaintiff's blood was issued. *Exhibit A* at 1, 23-24 and *Exhibit B* at 1.

5. On September 13, 2000, Plaintiff's medical records were ordered from Bexar County. *Exhibit A* at 24 and *Exhibit B* at 1.

6. On September14, 1999, Plaintiff had a blood analysis to determine the amount of Valporic acid and the level was at 4. *Exhibit A* at 13-15 and *Exhibit B* at 2.

7. On September 22, 1999, Plaintiff was seen in medical by Defendant Palacios. Plaintiff's restrictions were changed to lower bunk, sedentary work, no climbing, and no work around machinery. At that time Valporic acid level was 4 which indicted non-therapeutic for seizures. Plaintiff's medical records were again ordered from Bexar County. *Exhibit A* at 21 and *Exhibit B* at 1-2.

8. On September 30, 1999, Plaintiff did not attend his education class for seizures and epilepsy. *Exhibit A* at 19 and *Exhibit B* at 2.

9. On October 4, 1999, Plaintiff had five grand mal seizures and was taken from the Unit to the Cristus Spohn Regional Medical Center. Plaintiff was given Dilantin to control his seizures. *Exhibit A* at 16-18 and *Exhibit B* at 2.

## IV.

## ISSUES FOR CONSIDERATION

1. Whether Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Specifically, whether Defendants were deliberately indifferent to Plaintiff's serious medical needs on September 9, 1999, to October 5, 1999.

2.   Whether Plaintiff has overcome Defendant's entitlement to the defense of qualified immunity.

## V.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) provides that a summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  By its very terms, the rule permits summary judgment even if the parties disagree as to some facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986).  Summary judgment is precluded under Rule 56(c) only when the facts in dispute might affect the outcome of the suit under governing law and the dispute is genuine. *Id.* at 248, 106 S. Ct. at 2510.  Should it appear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, the district court should grant summary judgment. *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988).

## VI.

## BRIEF

Defendants Kelly and Palacios present two grounds for their summary judgment motion. First, the competent summary judgement evidence does not support a finding of deliberate indifference.  Second, Plaintiff has failed to overcome Defendants' entitlement to the defense of qualified immunity.  The two grounds are discussed individually and in order below.

### A. Plaintiff will not be able to demonstrate that Defendants violated his constitutional rights.

Plaintiff alleges that Defendants Kelly and Palacios, violated his right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs.  Specifically, he alleges that Defendants Kelly and Palacios were informed that he had a history of grand mal seizures. POC at 3[1].  Plaintiff further states that he again requested to be placed on seizure medication on September 21, 1999, and was refused and told that he would be placed on medication

---

[1]Plaintiff's Original Complaint at p. 3

when he had a seizure. POC at 4. Plaintiff stated that on October 5, 1999, he had a seizure that placed his life in danger. POC at 4. Plaintiff states that Defendant Palacios was responsible for putting his life in danger. POC at 4. Plaintiff states that Defendant Kelly is responsible because he is the supervisor of Defendant Palacios and could have placed Plaintiff on medication himself. POC at 4. Plaintiff argues that these alleged actions constituted deliberate indifference to his serious medical needs. POP at 4.

It is well established that no recovery may be had under § 1983 absent proof of deprivation of a right secured by the Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 140 (1979). Thus, the first inquiry in any suit brought under 42 U.S.C. § 1983 is whether the plaintiff has been deprived of a federally secured right. *Baker,* 443 U.S. at 140.

To state a cognizable medical claim under § 1983 and the Eighth Amendment, a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986)

To be liable for deliberate indifference to medical needs, a prison official must know of and disregard an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). Prison officials are not liable for deliberate indifference if (1) "they were unaware of even an obvious risk to inmate health or safety," (2) "they did not know of the underlying facts indicating a sufficiently substantial danger," (3) "they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety . . . [and] responded reasonably to the danger, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844-45, 114 S. Ct. at 1982-83.

The state of mind necessary to support a claim of deliberate indifference was identified by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994). While Justice Souter noted that the official need not act with "the very purpose of causing harm or with the knowledge that harm will result," it was also made clear that the standard requires "something more than mere negligence." *Farmer*, 511 U.S. at 825. Mere negligence, neglect, or medical malpractice do not constitute deliberate indifference. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). An inmate's disagreement with his medical treatment is insufficient to state a claim for Eighth Amendment deliberate indifference to medical needs. *Norton v, Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland* 41 F.3d 232, 235 (5th Cir. 1995); *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993).

### A1.    *Plaintiff cannot demonstrate that Defendant Palacios was deliberately indifferent.*

Plaintiff alleges that Defendant Palacios refused to provide him medication for seizures from September 9, 1999, to October 5, 1999. POC at 3-4. This allegation is a disagreement over proper medical care. Furthermore, Plaintiff's allegations are rebutted by his medical records. Plaintiff cannot demonstrate that Defendant Palacios was deliberately indifferent. Plaintiff cannot demonstrate that Defendant Palacios disregarded any of Plaintiff's serious medical needs when he did not provide Plaintiff with seizure medication from September 9, 1999 to October 5, 1999. *See Exhibit B.*

On the contrary, the summary judgment evidence shows that Plaintiff received adequate and timely medical attention. Plaintiff was seen on September 9, 1999, by the nurses at the Garza West Unit. *Exhibit A* at 5-8, 12, 23- 24. *Exhibit B* at 1. During these examinations Plaintiff told the nurses he had been taking Depakene. *Exhibit A* at 24.

Plaintiff was again seen on September 13, 1999, by Defendant Palacios. *Exhibit A* at 10. *Exhibit B* at 1. At that time Defendant Palacios ordered a blood examination to determine the level

of Valporic acid in Plaintiff's blood. *Exhibits A* at 10, *Exhibits B* at 1.  Valporic acid and Depakene are one in the same. *Exhibit B* at 2. Defendant Palacios also requested copies of Plaintiff's medical records to better determine what treatment Plaintiff needed if any. *Exhibit A* at 2-3 &10, *Exhibit B* at 1.

On September 22, 1999, Defendant Palacios evaluated Plaintiff again. He took precautionary measures and changed Plaintiff's restrictions to those more suitable for a person with a seizure disorder.  Plaintiff's restrictions were changed to lower bunk, sedentary work, no climbing, and not work around machinery with moving parts. *Exhibit A* at 21, *Exhibit B* at 2.  Defendant Palacios also noted that Plaintiff's medical records had not been received yet from Bexar County and requested them a second time.  *Exhibit A* at 9 & 21, *Exhibit B* at 2.  During this same evaluation Defendant Palacios noted that Plaintiff's Valporic acid level was 4.  *Exhibit A* at15 & 21, *Exhibit B* at 2.  The Valporic acid level indicates how much Depekene medication is in Plaintiff's blood. *Exhibit B* at 2. Since the Valporic acid level was 4 it indicated a non-therapeutic.  *Exhibit B* at 2.

On September 27, 1999, Plaintiff came into the medical clinic again requesting seizure medication. *Exhibit A* at 20.  Plaintiff was told by the medical staff that his medical records had not been received and he was to be scheduled for Chronic Care Clinic on September 30, 1998. *Exhibit A* at 19-20, *Exhibit B* at 2.  Plaintiff did not show for this appointment. *Exhibit A* at 19 and *Exhibit B* at 2.

Plaintiff has never been denied necessary medical care. He has been seen twice by Defendant Palacios.  The first time Defendant Palacios saw Plaintiff on September 13, 1998, he noted his complaint and stated that he would have his valporic acid level taken and request his medical records. *See Exhibit A and B.*  He did not treat Plaintiff immediately because there were was no independent finding that Plaintiff was on medication. *Exhibit A at 1 and Exhibit B at 1.*  In fact the Texas uniform Health Status Update indicated that Plaintiff was not on medication. *Exhibit A at 1 and Exhibit B at 1.*  Evidence of sick calls, examinations, diagnosis, and medication negate a

showing of deliberate indifference. *Bass v. Sullivan,* 550 F.2d 229 (5th Cir. 1977) *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991), *Mendoza v. Lynaugh,* 989 F.2d 191, 193-195 (5th Cir. 1993), *Banuelos* 41 F.3d at 235; *See also Mayweather v. Foti Jr.* 958 F.2d 91 (5th Cir. 1992) (inmate did not receive constitutionally inadequate care for back injury while in state prison, where record showed that inmate received continuos treatment for back injury, even though treatment may not have been best that money could buy, and any deficiencies in treatment were minimal; continuing back pain in and of itself, did not demonstrate constitutional violation.)

The second time Plaintiff was examined by Defendant Palacios was on September 23, 1998. At this examination, Defendant Palacios, out of precaution, changed Plaintiff's restrictions to those that were more comparable to a person with a seizure disorder. *Exhibit A at 21 and Exhibit B at 2.* Defendant Palacios also evaluated Plaintiffs Valporic acid levels and re-ordered Plaintiffs medical records. *Exhibit A at 21 and Exhibit B at 2.* As the summary judgment evidence indicates, the documented evidence of Defendant Palacios' examining, diagnosing, and offering appropriate treatment for Plaintiff negates a showing of deliberate indifference to a serious medical need. *See Exhibits A, B. See Also, Bass v. Sullivan,* 550 F.2d 229 (5th Cir. 1977); *McCord v. Maggio,* 910 F.2d 1248, 1251 (5th Cir. 1990) (neither deliberate indifference to medical needs nor wanton infliction of pain is shown when there exist medical records documenting assessment and treatment of inmate's medical complaints); *Martinez v. Griffin,* 840 F.2d 314 (5th Cir. 1988) (dismissal appropriate where evidence reflected that prisoner received adequate medication and treatment). Moreover, Plaintiff's disagreement with Defendant Ruby as to when to treat him is not actionable under § 1983. *Norton v. Dimazana,* 122 F.3d 286 (5th Cir. 1997) (disagreement with medical treatment does not state claim for Eighth Amendment indifference to medical needs).

Plaintiff makes conclusory allegations that Defendant Palacios refused to provide him medical attention or seizure medication. However, the reason that Defendant Palacios delayed any treatment of Plaintiff's seizure condition was due to several factors. First Plaintiff's Texas Uniform

Health Status Update sheet indicated that he was not on any medication. *Exhibit A* at 1 and *Exhibit B* at 1.. Second, Defendant Palacios had Plaintiff's Valproic acid levels taken and they indicated that the level was non-therapeutic. *Exhibit A* at 15 and *Exhibit B* at 2. And Third, Plaintiff's medical records had not been received by the Unit. *Exhibit A* at 21 and *Exhibit B* at 2. Plaintiff's conclusory allegations that Defendant Palacios *intentionally* refused to treat him are without any factual support. More than conclusory allegations are needed to state a claim under 42 U.S.C. § 1983. *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). Furthermore, mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992).

Defendant Palacios responded reasonably to Plaintiff's assertion that he had a seizure disorder. Defendant Palacios know the seriousness of a seizure disorder but did not proscribe medication immediately because Plaintiffs records from Bexar County indicated that he was not taking any medication. Prison medical personnel probably should not just dispense extremely powerful medication to an inmate when that inmates transfer medical records indicate that he was not taking any medication for his condition. Defendant Palacios further acted reasonably when he had Plaintiff's Valporic acid levels measured. He further acted reasonably when he changed Plaintiffs restrictions to those more aligned with a person that had a seizure disorder. These acts negate a showing of deliberate indifference according to *Farmer*. There may have been a risk to Plaintiff's health but Defendant Palacios reasonably responded to the risk. *Farmer*, 511 U.S. 825, 114 S. Ct. 1970 (1994). *Exhibit B* at 2.

Plaintiff's complaint that he was not provided treatment or that he should have been treated earlier by Defendant Palacios are Plaintiff's own lay opinion and, at best, state a claim of negligence. There were no independent objective findings of medication used to treat Plaintiff's seizure disorder prior to his arriving at the Garza West Unit. *See Exhibit A and Exhibit B*. Even assuming *arguendo* that Defendant Palacios was negligent in not providing Plaintiff seizure medication prior to October

5, 1998, claims of negligence are not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 326, 331-34, 106 S. Ct. 662, 664-7 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670-71 (1986). There is no basis for Plaintiff's allegation of deliberate indifference and Defendant Palacios is entitled to summary judgment.

### A2. *Plaintiff cannot demonstrate that Defendant Kelly was deliberately indifferent.*

Plaintiff alleges that Defendant Kelly was deliberately indifferent because he is the supervisor of Defendant Palacios. POC at 5. Plaintiff further states that Defendant Kelly should be held liable because he is the Medical Supervisor of the Unit. POC at 5. Lastly Plaintiff states that De. Kelly could have just provided him with medication for his seizures. POC at 5.

Plaintiff alleges that Defendant Kelly should be held responsible because he is the supervisor of Defendant Palacios and the Medical Director. POC at 4. Turner fails to allege any personal involvement on Defendant Kellys part in the events about which he complains. His only allegation against Kelly is that he could have placed him on medication. POC at 4. Plaintiff *does not* allege that Defendant Kelly refused to place him on medication or denied him medication. Turner fails to allege that Defendant Kelly had any personal involvement other than being the supervisor of Defendant Palacios and the Medical Director of the Garza West Unit.

Plaintiff cannot maintain this cause of action against Kelly because "[w]ell settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions." *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir.), *cert. denied* 113 S.Ct. 2443 (1992). Instead, "[s]upervisory officials may only be held liable if one of the following circumstances exists: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Id.*

When evaluated using the standard in *Mouille*, Defendant Kelly's involvement in Turner's case, or lack thereof, is not sufficient to support liability. The mere fact that Kelly holds the position as Medical Director of the Garza West Unit fails to amount to a affirmative participation on his part

in any of the allegations Turner made the basis of this lawsuit. Turner has simply failed to prove, or even allege, that Defendant Kelly directly participated in the treatment about which he complains. Therefore, Turner's claim against Defendant Kelly, does not meet the standard set out in *Mouille* because it fails to prove or even allege a direct participation on his part and should therefore be dismissed.[2]

Pleading in the alternative without waiving the forgoing, an examination of the medical notes indicates that Defendant Kelly only signed-off on one document regarding Plaintiff's treatment from September 9, 1999, to October 5, 1999. That document is the clinic note regarding intake. *Exhibit A* at 23. That clinic note was for the first day Plaintiff arrived at the Unit. At that time, it was noted to schedule Plaintiff to see the MD/PA. Also noted was scheduling for Plaintiff to attend Chronic Care Clinic. That is the extent of Dr. Kelly's involvement with Plaintiff. If anything, Defendant Kelly's actions would constitute proactive medical care. Evidence of examinations and offering appropriate treatment for Plaintiff negates a showing of deliberate indifference to a serious medical need. *See Exhibits A, B.* *See Also, Bass v. Sullivan,* 550 F.2d 229 (5th Cir. 1977); *McCord v. Maggio,* 910 F.2d 1248, 1251 (5th Cir. 1990) (neither deliberate indifference to medical needs nor wanton infliction of pain is shown when there exist medical records documenting assessment and treatment of inmate's medical complaints). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland* 41 F.3d 232, 235 (5th Cir. 1995); *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993).

In the alternative, at best, and assuming *arguendo*, that Defendant Kelly was in some way negligent in an examination or assessment, claims of negligence are not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 326, 331-34, 106 S. Ct. 662, 664-7 (1986); *Davidson v. Cannon*, 474

---

[2]Turner has not alleged that Kelly implemented an unconstitutional policy so the second instance in which supervisory officials can be held liable as explained in *Mouille* does not apply.

U.S. 344, 347-48, 106 S. Ct. 668, 670-71 (1986). There is no basis for Plaintiff's allegation of deliberate indifference and Defendant Kelly is entitled to summary judgment.

**B.      Plaintiff Has Failed to Overcome Defendants' Entitlement to the Defense of Qualified Immunity.**

Defendants Kelly and Palacios are entitled to the defense of qualified immunity in an action for damages brought under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). "The doctrine of qualified immunity shields public officials like the respondents from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway* 510 U.S. 510, 512, 114 S. Ct. 1019, 1021 (1994). Once a Defendant official asserts this defense, the burden shifts to the Plaintiff to overcome it. *Whatley v. Philo*, 817 F.2d 19 (5th Cir. 1987). In order to overcome this defense, the Defendant official's conduct must be shown to have violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S. Ct. at 2738; *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040 (1987); *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989). As stated *supra*, Plaintiff has failed to state any claim of constitutional dimension, pursuant to *Estelle*. Consequently, Defendants are entitled to qualified immunity.

It is the Plaintiff's burden to overcome the Defendants' qualified immunity. *Salas v. Carpenter,* 980 F.2d 299 (5th Cir. 1992); *Elliott v. Perez*, 751 F.2d 1472, 1476-79 (5th Cir. 1985). Because Turner has failed to overcome Defendants Kelly and Palacios' entitlement to the defense of qualified immunity, Defendants Kelly and Palacios' Motion for Summary Judgment should be granted.

## VII.

## CONCLUSION

Lacking a genuine issue as to a material fact, this Court should grant Defendants Kelly and Palacios' Motion for Summary Judgment. First, Plaintiff's allegations of constitutional deprivation

based on deliberate indifference are insufficient to carry his evidentiary burden against the Defendants. Second, Plaintiff has failed to overcome Defendant's entitlement to the defense of qualified immunity. Thus, without a genuine issue as to any material fact, Defendants are entitled to judgment as a matter of law.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Kelly and Palacios respectfully request that the Court grant this Motion for Summary Judgment, dismiss Plaintiff's lawsuit, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

GERARD R. RAWLS
Assistant Attorney General
Attorney-in-Charge
State Bar No. 90001974
Southern Dist. No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone: (512) 463-2080
Fax No: (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
KELLY AND PALACIOS**

## CERTIFICATE OF SERVICE

I, GERARD R. RAWLS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the **Defendants' Kelly and Palacios' Motion for Summary Judgment** has been served by placing same in the United States mail on this the 1st day of December, 2000 addressed to:

Darryl S. Turner, TDCJ-ID No. 885610          *Via CM/RRR No. 7000 0600 0027 6915 0050*
Byrd Unit
P.O. Box 100
Huntsville, Texas 77342-0100

GERARD R. RAWLS
Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. C-00-15** |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# EXHIBIT A

## AFFIDAVIT

THE STATE OF TEXAS

Before me, the undersigned authority, personally appeared **Janette Barrington**, who, being by me duly sworn, disposed as follows:

My name is **Janette Barrington**, I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts being stated.

I am employed as **Medical Records Supervisor**, for the Garza East and West Units of the Texas Department of Criminal Justice, Institutional Division, and my office is located in Beeville, Texas. I do hereby certify that I am the custodian of Health Records maintained in the regular course of Garza East and West Units of the Texas Department of Criminal Justice, Institutional Division. I have reviewed business records within the file on offender **DARRYL STEVEN TURNER**, T.D.C.J. NO. **885610.** I hereby certify that the attached copies of documents from the Health Records for the period **9/99 – 1/26/00** maintained on Offender **DARRYL STEVEN TURNER** are true, complete, and correct copies of the original records now on file in my office and in my custody.

I further certify that the records attached hereto are maintained in the usual and regular course of business of the Health Service Division of the Texas Department of Criminal Justice, Institutional Division, and that such records are maintained on each and every offender confined here. All memoranda, reports, records or data complications kept therein are made at or near the time by, or near the time by, or from information transmitted by, a person with knowledge of the events, acts, conditions, opinions or diagnoses described. These records are kept in the course of regularly conducted business activity, and it is the regular practice of this institution to make such memoranda, reports, records or data compilations.

In witness whereof, I have hereto set my hand this ___26___ day of ___**January**___, ___**2000**___.

___**JANETTE BARRINGTON**___
(Print Name)

___(Signature)___

Garza East and West Units
Texas Department of Criminal Justice
Institutional Division

SWORN TO AND SUBSCRIBED BEFORE ME, by the said Janette Barrington, on this 26th day of January, 1, 2000, to certify which witness my hand and seal of office.

My Commission Expires:

_____

M. Kathy Sandoval
(Print Name)
NOTARY PUBLIC in for the State of Texas

M. KATHY SANDOVAL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
NOV. 13, 2000

# UR ... ORRECTIONAL HEALTH CARE SERVICE
## TEXAS UNIFORM HEALTH STATUS UPDATE

I. NAME: _Turner Darryl_     DOB: _9_ / _10_ / _68_   AGE: _____

Last ____ First ____ M.I.

STATE I.D.# : _565009_ ____ RACE: _____  SEX: ☒ MALE ☐ FEMALE
COUNTY/TDCJ# : _565009_ ____   WT: _____   HT: _____

## II. CURRENT/CHRONIC HEALTH PROBLEMS
### A. Health Problems
☐ 1.   None
☐ 2.   Asthma
☐ 3.   Cardiovascular/Heart Trouble
☐ 4.   Dental Priority
☐ 5.   Diabetes
☐ 6.   Dialysis
☐ 7.   Drug Abuse/Alcoholism
☐ 8.   Hypertension
☐ 9.   Orthopedic Problems
☐ 10.  Pregnancy
☐ 11.  Seizures
☐ 12.  Mental Retardation
☐ 13.  Mental Illness (specify diagnosis)_____
☐ 14.  Recent Surgery

*NOTE : When screening substance abuse facility clients, please contact the ; TDCJ-ID Health Services Liaison at (409) 294-2228 for clients with insulin dependents diabetes mellitus (DDM), current mental illness, or any chronic disease symptoms deemed unstable.*

### B. Preventive Medicine
☐ 1.   Tuberculosis Status
Skin Test: Date Given: _4_ / _9_ / _99_   Date Received: _4_ / _11_ / _99_   Results: _0_ mm✳
X-Ray Date: _____ / _____ / _____   ☐ Normal ☐ Abnormal  ✳ Anti-Tuberculosis Treatment? ☐ Yes ✳ ☐ No
☐ 2.   Hepatitis: ☐ A ☐ B ☐ C   Other: _____
☐ 3.   Syphilis: ☐  Date: _____ / _____ / _____   Type: _____   Treatment Completed? ☐ Yes ☐ No

✳ *NOTE: If treatment has been recommended, the X-ray was abnormal, or skin test indicates infection, please attach tuberculosis record.*

C. Other Health Care Problems: _Siezure disorder._

## III. SPECIAL NEEDS (Check All That Apply)
### A. Housing Restrictions
☐ 1.   None
☐ 2.   Skilled Nursing Facility
☐ 3.   Extended Care Facility
☐ 4.   Psychiatric Inpatient Facility
☐ 5.   Respiratory Isolation
☐ 6.   Other:_____

### B. Transportation
☐ 1.   Routine
☐ 2.   Crutches/Cane
☐ 3.   Ambulance
☐ 4.   Wheelchair/Wheelchair Van
☐ 5.   Prosthesis:_____

### C. Pending Specialty Clinic appointment
☐ None/If, any type:_____

## IV. CURRENT PRESCRIBED MEDICATIONS ☐ None

| MEDICATION | DOSAGE | FREQUENCY |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Completed By: _____ OR
Signature/Title

Facility: Bexar County Adult Detention Center
Phone Number: (210) 270-6260/ Fax: (210) 270-5193

V. Allergies: ☐ NKA
_Iodiene_ , _____

Date: _9_ / _8_ / _99_

0001

CHCS 79.009

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
# HEALTH SERVICES DIVISION
## AUTHORIZATION FOR RELEASE OF INFORMATION

# 565009

I, _Darryl Turner_    _885610_
     (Name of Offender)         (TDCJ Number)

_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_   _9/10/68_
(Social Security Number)    (Date of Birth)    (Admission Date)    (Discharge Date)

hereby authorize: _Bexar County Jail_
          (Name of Person or Organization)

to release the following information from my records:

(PLEASE LIST SPECIFIC INFORMATION) _Seizure Disorder & Rx's_

TO: _UTMB Medical Records Garza West_
      (Name of Person or Organization to which information is to be sent)

_HCO Box 995 Beeville Tx 78102_
          (Address of Unit)

for the purpose of: _Continuity of Care_

This consent is subject to revocation at any time except to the extent that action has been taken in reliance thereon, and upon:

_9/22/99_
         (Date, event or condition)

This consent will expire within 180 days without express revocation.

_6/22/2000_

OFFENDER REQUEST: I request the Texas Department of Criminal Justice to release specified below, to the organization, agency or individual named on this request. I understand that the information to be released includes information regarding the following condition(s):

| A DS, AIDS related complex (ARC) and HIV antibody testing | Drug Abuse Psychiatric Treatment | Sickle Cell Anemia Alcohol Abuse and Alcoholism |
|---|---|---|

_(Signature of Offender)_            _September 22, 1999_
                                (Date)

_(Signature of Witness)_            _9·22·99_
                                (Date)

NOTICE TO RECIPIENTS OF INFORMATION: This information has been disclosed to you from records whose confidentiality is protected by State law. The Texas Hospital Act (Chapter 241, Health and Safety Code), the Medical Practice Act (Article 4495b-5.08 VTCS), and the Mental Health Records Act (Chapter 611, Health and Safety Code) prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such laws.

HSA-27 (Rev. 3/98)

_Received 10/21/99_

SEP 22 1999 14:09

PAGE.01   0003



858610

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** _____ TURNER, DARRYL
RACE B SEX M DOB 09/10/68
**TDCJ No.:** _____ DATE REC'D 09/09/99
DATE EXAMINED 09/13/99
**Unit:** _____

| Date & Time | Notes |
|---|---|
| SEP 13 1999<br>1100 | Initial Intake Screen: CL-69 screened for mental health needs. |
| | ___ No mental health needs indicated at this time. |
| | ___ Mental health needs are indicated.  Will schedule for evaluation. |
| | MICHAEL AARON, PHD, CPI ✓ |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | FURTHER USE<br>DISTRIBUTION OR COPYING<br>OF THESE RECORDS IS NOT<br>AUTHORIZED |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

0004

DATE INTERVIEWED: _9 / 1 / 99_

SCREENER'S INITIALS: _Jo_

## TDCJ DIAGNOSTIC AND EVALUATION PROCESS
## DIAGNOSTIC SCREENING INTERVIEW

NAME: _Turner, Darryl_ TDCJ #: _885610_

DOB: _9 10 68_     AGE: _31_     SEX: (✓) MALE     ( ) FEMALE

PLACE OF BIRTH: _Chicago, IL._     RACE: ( ) CAUCASIAN

OLD TDC #: _____     (✓) AFRICAN-AMER.

PRIOR TDC INCARCERATIONS:     YES    NO   _Illinois_     ( ) HISPANIC

PRIOR ASSIGNMENT TO CTC:      YES    NO   _Penn_        ( ) OTHER: _____

PRIOR ASSIGNMENT TO MROP:     YES    NO

ON PSYCH. SERVICES CASELOAD:  YES    NO

CURRENT OFFENSE: _Credit card misuse(l)_          _3 yrs._

SPECIAL CONSIDERATIONS FOR INTERVIEWS:

(✓) NONE

( ) SPANISH-SPEAKING ONLY

( ) HEARING/VISUAL IMPAIRED

( ) WHEELCHAIR/OTHER SIGNIFICANT MOBILITY PROBLEM

( ) SECURITY RISK: _____

( ) OTHER: _____

FURTHER DIAGNOSTIC II EVALUATION RECOMMENDED     ( ) YES     (✓) NO

REASON FOR REFERRAL:

( ) DISPLAYED SYMPTOMS OF PSYCHIATRIC ILLNESS

( ) HISTORY OF MENTAL HEALTH TREATMENT

( ) CURRENT SUICIDAL IDEATION

( ) PRIOR SUICIDAL GESTURE(S)

( ) DISPLAYED UNUSUAL BEHAVIOR

( ) AFFECTIVE DISTRESS NOTED

( ) UNUSUAL NATURE OF OFFENSE

( ) HIGH RISK FOR ADJUSTMENT PROBLEMS

( ) OTHER: _____

OTHER GENERAL COMMENTS

_____

_____

_____

✩ CL-69 (REV. 5/94)

_0005_

YES    NO

1. HOW ARE YOU FEELING? _____ *OK* _____

_____

( )   (✓) 2. HAVE YOU EVER HAD ANY KIND OF MENTAL, EMOTIONAL, OR NERVE PROBLEMS?
DID YOU GET ANY TYPE OF COUNSELING? *n/s* _____
FROM WHOM? (IF APPLICABLE) _____
WHAT WAS IT FOR? *81 - 83* _____
WHEN WAS IT? *Sleeping disorder + Hypertension*
WHERE WAS IT? *Chicago, IL. (Rosaline Mental Med. Cntr)*

(✓)   (✓) 3. HAVE YOU EVER TAKEN MEDICINE(S) PRESCRIBED FOR YOUR:
( ) NERVES, ( ) MENTAL PROBLEMS, OR ( ) EMOTIONAL PROBLEMS?
SPECIFY THE MEDICATION: *Mellaril for sleeping*
WHEN DID YOU TAKE THIS MEDICATION? *Age 13-15*
BY WHOM WAS IT PRESCRIBED?       (✓) PSYCHIATRIST
                                 ( ) PHYSICIAN
                                 ( ) OTHER: _____
CURRENT PSYCHOTROPIC MEDICATION: *None*

( )   (✓) 4. HAVE YOU EVER BEEN A PATIENT IN A MENTAL HOSPITAL?
WHY? _____
WHEN? _____
WHERE? _____

COURT COMMITMENT/VOLUNTARY

(✓)   ( ) 5. HAS ANY MEMBER OF YOUR FAMILY EVER HAD MENTAL OR EMOTIONAL PROBLEMS?
WHAT TYPE? *FA- Sleeping disorder too*

(✓)   ( ) 6. HAVE YOU EVER HAD A HEAD INJURY OR SEIZURE?
SPECIFY: *Age 10- A&H- unconscious 1hr - Seizures (granmal) last seizure 2 wks A-*
                                                                *(DepaKain or DepaKi-*

( )   (✓) 7. HAVE YOU EVER TRIED TO HURT YOURSELF OR COMMIT SUICIDE?
HOW MANY TIMES? _____
HOW?    ( ) CUT ARM/WRIST       ( ) HANGING
        ( ) OD'ed ON _____       ( ) OTHER: _____
WHEN? _____
WHY? _____
WAS MEDICAL ATTENTION REQUIRED?   ( ) YES   ( ) NO

( )   (✓) 8. HAVE YOU EVER HURT YOURSELF ON PURPOSE WHEN YOU WERE NOT TRYING TO COMMIT
SUICIDE?
HOW? _____

( )   (✓) 9. ARE YOU THINKING ABOUT HURTING OR KILLING YOURSELF NOW?

( )   ( ) 10. DO YOU HEAR THINGS THAT OTHER PEOPLE DO NOT HEAR?
        ✓   SPECIFY: _____

8006

**YES   NO**

( )   (✓) 11. DO YOU SEE THINGS THAT OTHER PEOPLE DO NOT SEE?

SPECIFY: _____

( )   (✓) 12. DO YOU BELIEVE THAT YOU HAVE ANY SPECIAL GIFTS OR SUPER POWERS THAT OTHERS DO NOT HAVE?

WHAT KIND? _____

13. WHAT KIND OF DRUGS DID YOU EXPERIMENT WITH OR USE ON A REGULAR BASIS?

( ) NONE          ( ) BARBITURATES     ( ) METHAMPHETAMINE  (SPEED)

( ) HEROIN        ( ) ACID             ( ) INHALANTS _____

( ) COCAINE       ( ) HASH             (✓) ALCOHOL

(✓) MARIJUANA     ( ) PCP              ( ) OTHER _____

14. WHAT WAS THE LAST GRADE YOU COMPLETED IN SCHOOL?  GRADE __11th__

WHERE?  USA✓   MEXICO   OTHER: _____

DO YOU HAVE A   ( ) HIGH SCHOOL DIPLOMA   (✓) GED

(✓) ( ) 15. WHILE IN SCHOOL, WERE YOU EVER IN SPECIAL CLASSES?

WHY? _____ Slow due to Seizures

WHAT GRADE(S)? _____ mid + high

(✓) ( ) 16. WERE YOU EVER PLACED IN A JUVENILE DETENTION CENTER, BOYS' HOME, OR OTHER GROUP HOME?

WHY? Chicago, IL - graffiti + truancy - Age 15 + 16 yes.

( )   (✓) 17. HAVE YOU EVER BEEN CONVICTED OF AN OFFENSE COMMONLY CONSIDERED TO BE IN THE CATEGORY OF SEXUAL OFFENSES?

IF YES, SPECIFY: _____

_____

( )   (✓) 18. HAVE YOU EVER, WITH LITTLE OR NO PROVOCATION, EXPERIENCED LOSS OF CONTROL OF YOURSELF THAT RESULTED IN SERIOUS ASSAULT TO SOMEONE OR DESTRUCTION OF PROPERTY?

(✓) ( ) 19. HAVE YOU EVER BEEN A VICTIM OF CRIMINAL VIOLENCE? IF YES, SPECIFY: Shot - Rt shlder - 83 - med attn - treatments still lodged - hurts Sometimes - Chicago, IL.

*0007*

# BEHAVIORAL OBSERVATIONS

APPEARANCE:        (✓) UNREMARKABLE        ( ) DISHEVELED        ( ) ODD

HYGIENE:        (✓) GOOD        ( ) FAIR        ( ) POOR

INTERACTION:        (✓) COOPERATIVE        ( ) LIMITED        ( ) UNCOOPERATIVE

MOTOR BEHAVIOR:        (✓) WITHIN NORMAL LIMITS        ( ) RESTLESS        ( ) DID NOT MOVE
        ( ) _____

SPEECH:        (✓) CLEAR        ( ) MUMBLES        ( ) SPEECH IMPEDIMENT

RATE:        (✓) SPONTANEOUS        ( ) FAST        ( ) _____

MOOD:        ( ) WITHIN NORMAL LIMITS        ( ) SAD        ( ) IRRITABLE

        (✓) UNUSUALLY HAPPY        ( ) ANXIOUS        ( ) FRIGHTENED

        (✓) SILLY        ( ) _____

ALERTNESS:        (✓) ALERT        ( ) CONFUSED        ( ) DAZED        ( ) DISTRACTED



*0008*

**PAGE 4**

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SUMMARY FOR CLASSIFICATION

NAME: TURNER,DARRYL                DOB: 09/10/1968      P U L H E S
TDCJ#: 00885610  SID#: 05307528    WGT: 202 LBS         --------------
UNIT: NH         HOUSING: C3-033   HGT: 0'00"           |3|1|1|1|1|1|
JOB: UNASSIGNED-PROCESSING                              |C|A|A|A|A|A|
                                                        |T| | | | | |
                                                       --------------

I.  UNIT OF ASSIGNMENT (CHECK ONE)
    X  A. NO RESTRICTION                    __ E. BARRIER-FREE FACILITY
    __ B. REGIONAL MEDICAL FACILITY         __ F. SINGLE LEVEL FACILITY
    __ C. EXTENDED CARE FACILITY            SUITABLE FOR TRUSTEE CAMP ASSIGNMENT?X YES__NO
    __ D. PSYCHIATRIC CARE FACILITY         SUITABLE FOR SAIP FACILITY?        X YES__NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)               B. BUNK ASSIGNMENT (CHECK ONE)
   X  1. NO RESTRICTION                       __ 1. NO RESTRICTION
   __ 2. SINGLE CELL ONLY                     60 2. LOWER ONLY
   __ 3. DOUBLE CELL ONLY
   __ 4. SPECIAL HOUSING (HOUSING WITH       C. ROW ASSIGNMENT (CHECK ONE)
         PATIENT WITH LIKE MEDICAL CONDITION    X  1. NO RESTRICTION
   __ 5. CELL BLOCK ONLY                        __ 2. GROUND FLOOR ONLY

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
    __ 1. MEDICALLY UNASSIGNED              __ 15.NO FOOD SERVICE
    __ 2. PSYCHIATRICALLY UNASSIGNED        __ 16.NO REPETITIVE USE OF HANDS
    __ 3. SEDENTARY WORK ONLY               __ 17.NO WALKING ON WET UNEVEN SURFACES
    __ 4. FOUR HOUR WORK RESTRICTION        __ 18.DO NOT ASSIGN TO MEDICAL
    __ 5. FOUR HOUR LIMITED WORK RESTRICTION __ 19.NO WORK IN DIRECT SUNLIGHT
    __ 6. EXCUSE FROM SCHOOL                __ 20.NO TEMPERATURE EXTREMES
    __ 7. LIMITED STANDING                  __ 21.NO HUMIDITY EXTREMES
    __ 8. NO WALKING > ___ YARDS            __ 22.NO EXPOSURE TO ENVIRONMENTAL POLLUTANTS
    __ 9. NO LIFTING > ___ LBS.             __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
    __ 10.NO BENDING AT WAIST               __ 24.NO WORK REQUIRING SAFETY BOOTS
    __ 11.NO SQUATTING                      60 25.NO WORK AROUND MACHINES WITH MOVING PARTS
    60 12.NO CLIMBING                       __ 26.NO WORK EXPOSURE TO LOUD NOISES
    __ 13.LIMITED SITTING                   __ 27.NO WORK REQUIRING COMPLEX INSTRUCTIONS
    __ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
    X  A. NO RESTRICTIONS
    __ B. CONSULT REPRESENTATIVE OF MENTAL HEALTH DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION
    __ C. CONSULT REPRESENTATIVE OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
    X  A. NO RESTRICTION                    __ C. PSYCH REPRESENTATIVE REQUIRED
    __ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
    X  A. NO RESTRICTION                    __ C. WHEELCHAIR VAN
    __ B. EMS AMBULANCE                     __ D. VAN (SOUTHERN REGION ONLY)

KELLEY      D.S.R.,MD.          09/24/1999    _____
PRINTED NAME AND TITLE OF REVIEWER    DATE        SIGNATURE OF REVIEWER

HSM-18(REV.11/95)

0009

Case 2:00-cv-00015   Document 24   Filed in TXSD on 12/04/2000   Page 25 of 43

TURNER, DARRYL   888610

BEXAR TURNER, DARRYL
RACE B SEX M D08 09/10/68
DATE REC'D        09/09/99   (Patient ID#)
DATE EXAMINED     09/13/99

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION
HEALTH SERVICES

**REPORT OF PHYSICAL EXAMINATION**

OCCUPATION: Cook housekeeper   HT: 5'   WT: 202   TEMP: 98   PULSE: 108   RESP: 20

| VISUAL ACCUITY | AUDITORY ACCUITY | SCREENING | VALIDATION |
|---|---|---|---|
| RT. 20/20 CORR: to 20/_ | RT. WV_/15 SV_15_ | SYS: | SYS: |
| LT. 20/2 CORR: to 20/_ | LT. WV_/15 SV_15_ | DIAS: | DIAS: |

REMARKS (Vision & Hearing)
No V.A or auditory c/o at present

CLINICAL EVALUATION                    NOTES: DESCRIBE EVERY ABNORMALITY IN DETAIL.
                                       CLARITY IN DESCRIPTION OF CLINICAL PICTURE NEEDED.
1. HEAD and NECK ——— midline, erect pure
2. EYES
3. ENT                                 Annula siler white
4. DENTAL WNL
5. CHEST, BREAST                       clear
6. CARDIOVASCULAR
7. HEMOPOIETIC/LYMPHATIC
8. ABDOMEN                             WNL No c/o
9. GASTROINTESTINAL
10. ENDOCRINE/METABOLIC                FROM of all upper + lower ext joints
11. NUTRITIONAL                        Full squat + touches toes.
12. UPPER EXTREMITIES
13. SPINE                              bumps to neck; ingrwn hairs
14. LOWER EXTREMITIES
15. SKIN                               deferred No c/o
16. RECTAL, GU ———
17. OB-GYN (PELVIC)
18. NEUROLOGIC                         WNL - No c/o
19. PSYCHIATRIC
20. COMMENTS ON AVAILABLE
    LABORATORY DATA:
21. COMMENTS ON CURRENT
    MEDICAL REGIMENS:
22. OTHERS:                            Allergic to Mushrooms + Betadine

                                       MAY ADMINISTER TETANUS 0.5ML AND
                                       PPD 0.1ML. RPR (SMO) HIV TESTING AS INDICATED

| REMARKS: Age 30; Seixure hx | | | P | U | L | H | E | S |
|---|---|---|---|---|---|---|---|---|
| | Designators | | 2 | | | | | |
| | Codes | | | | | | | |
| | Modifiers | | | | | | | |

E. PALACIOS P.A.-C                     9-13-99        09:30
CLINICIAN'S SIGNATURE                  DATE          TIME: 0010

HSM-4 (Rev. 3/97)

202

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**INSTITUTIONAL DIVISION**
**HEALTH SERVICES**

# MEDICAL HISTORY

Patient I.D.
DARRYL STEVEN TURNER, 785617

## I. IDENTIFICATION

Occupation Cook, House Keeper   Education 11th + GED   Religion Baptist

DOB 9-10-68   County Cook County   Previous TDCJ#

## II. FAMILY HISTORY (Father, Mother, Brothers, Sisters)

| WHO? | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| 1. Diabetes | ✓ | | 13. Hepatitis or Liver Disease | | ✓ |
| 2. Tuberculosis | | ✓ | 14. Smoker | ✓ | ✓ |
| 3. Heart Disease | ✓ | | 15. Kidney Disease | | ✓ |
| 4. High Blood Pressure | ✓ | | 16. Peptic Ulcers | | ✓ |
| 5. Cancer | | ✓ | 17. Rheumatism/Arthritis | | ✓ |
| 6. Blood Disease (sickle cell anemia, hemophilia, etc.) | | ✓ | 18. Non Intravenous Drug Abuse/Alcoholism | | |

## III. PERSONAL HISTORY

| | | | | | YES | NO |
|---|---|---|---|---|---|---|
| 1. Heart Disease/Angina | | ✓ | 19. Intravenous Drug Use | | | |
| 2. High Blood Pressure | | ✓ | 20. Glasses/Hearing Aid | | | ✓ |
| 3. Diabetes | | ✓ | 21. Sexually Transmitted Diseases | | | ✓ |
| 4. Tuberculosis | | ✓ | 22. Drug Allergies | | ✓ | |
| 5. INH Prophylaxis | | ✓ | 23. Tetanus Immunization | | ✓ | |
| 6. Epilepsy | ✓ | | 24. Prior HIV Test | | | |
| 7. Asthma/Emphysema | ✓ | | 25. Homosexual/Bisexual Activities | | | ✓ |
| 8. Cancer | | | 26. Unprotected Sex with Multiple Partners | | | ✓ |
| 9. Back Injury/Surgery | | ✓ | 27. Other | | | |
| 10. Rheumatic Fever | | ✓ | **OBSTETRIC / GYNECOLOGICAL HISTORY** | | | |
| 11. Mental Illness | | ✓ | 1. Date of last menstrual period: | | | |
| 12. Blood Disease (sickle cell anemia, hemophilia, etc.) | | ✓ | 2. Number of pregnancies: | | | |
| | | | Number of live births: | | | |
| | | | 3. Date of last pap smear | | | |
| | | | 4. History of birth control methods (Pills, IUD, Diaphragm, etc.) | | | |

## IV. HISTORY OF HOSPITALIZATIONS / CHRONIC ILLNESSES (Additional space on back)

| Date | Hospital/Physician | Condition/Diagnosis | |
|---|---|---|---|
| 2/23/84 | Rosland Hospital - Dr. Only, MI | E... | |
| 5 - -192 | Rosland Hospital - Dr. Only | " | " |
| 12-14-9 | Rosin Medical Hospital | " | " |

Date September 13, 1999   Signature of Offender: Darryl Steven Turner 785617

09-13-99.   Signature of Reviewer:

HSM-3 (Rev. 2/98)

0011

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SERVICES DIVISION
# RECEIVING SCREENING REPORT

A. NAME   TURNER, DARRYL

COUNTY   BEXAR   ₹ ℂ⊙ Sheet

TDCJ NO. _____

D.O.B.  9/10/68        30

B. HAVE YOU EVER BEEN TREATED FOR:

| | | |
|---|---|---|
| 1. Asthma | (YES) | NO |
| 2. Heart Trouble | YES | NO |
| 3. High Blood Pressure | YES | NO |
| 4. Diabetes | YES | NO |
| 5. Seizures | (YES) | NO |
| 6. Drug Addiction | YES | NO |
| 7. Alcoholism | YES | NO |
| 8. Mental Illness | YES | NO |
| 9. Allergies | (YES) | NO |

9. Allergies   mushrooms, Betadine.

10. Infectious/Communicable Diseases:

| | | |
|---|---|---|
| Hepatitis | YES | (NO) |
| STD's (Venereal Disease) | YES | NO |
| HIV (Test) 99 — | (YES) | NO |
| Positive | YES | (NO) |
| Tuberculosis | YES | (NO) |
| 11. Pregnant | YES | (NO) |

C. IF YES TO ANY OF THE ABOVE, GIVE DATE AND TREATMENT RECEIVED:
① Asthma Childhood   ⑤ Seizures, Grandmal Life. Pt Chins Rx
for Disorder ∅ Rx on Co. Sheet.

D. DO YOU HAVE ANY CURRENT MEDICAL OR DENTAL PROBLEMS THAT NEED ATTENTION NOW?   (YES) NO

IF YES; WHAT   Dental

E. HAVE YOU EXPERIENCED ANY OF THESE SYMPTOMS? COUGH, WEAKNESS, WEIGHT LOSS, FEVERS, NIGHT SWEATS, LOSS
OF APPETITE OR LETHARGY?   YES  (NO)

IF YES, WHEN? _____

F. ARE YOU PRESENTLY TAKING OR SUPPOSED TO BE TAKING ANY PRESCRIBED MEDICATIONS?   YES  (NO)

IF YES; WHAT: _____

G. IS THERE ANY EVIDENCE OF RECENT PHYSICAL INJURY?   YES  (NO)

IF YES; WHAT   N/A

H. HOW WERE THESE INJURIES RECEIVED ACCORDING TO THE PATIENT ?

I. WERE YOU TREATED FOR THESE INJURIES PRIOR TO ADMISSION?   YES  (NO)

IF YES; GIVE LOCATION: _____

J. IS THERE EVIDENCE OR A NEED FOR IMMEDIATE MEDICAL ATTENTION?   YES  (NO)

IF YES, WHAT. _____

K. DOES THE PATIENT DISPLAY INAPPROPRIATE BEHAVIOR?   YES  (NO)

IF YES, WHAT _____

L. REFERRED TO:   INFIRMARY _____   PSYCH _____   SECURITY ___✓___

IN ACCORDANCE WITH STATE LAW, IF FUTURE VISITS TO A TDCJ FACILITY HEALTH CLINIC MEETS OFFENDER HEALTH CARE
COPAYMENT CRITERIA, I UNDERSTAND THAT MY TRUST FUND WILL BE CHARGED A $3.00 COPAYMENT FEE.  I ALSO
UNDERSTAND THAT I WILL BE PROVIDED ACCESS TO HEALTH SERVICES REGARDLESS OF MY ABILITY TO PAY THIS FEE

PATIENT SIGNATURE:   X _____

RECEIVER/SCREENER SIGNATURE: _____   DATE/ TIME: 9/5/51

HSM-13  (Rev 10/97)

0012

Case 2:00-cv-00015   Document 24   Filed in TXSD on 12/04/2000   Page 28 of 43

LABORATORY CORPORATION OF AMERICA - San Antonio
6603 First Park Ten Blvd.
S. Antonio, TX 78213 (800-735-940_)
Suzanne Kreisberg M.D.
45D0500432   ZO4582715   CL0271

9/14/99

| | |
|---|---|
| PATIENT NAME : TURNER,DARRYL | ACCESSION : 5595272-1 |
| PATIENT ID : 888610 | REQUISITION: M2669413 |
| PATIENT PHONE: | REPORTED : 14-SEP-1999 |
| HOSPITAL ID : | RECEIVED : 14-SEP-1999 |
| SEX: M  AGE: 31   DOB: 10-SEP-1968 | COLLECTED : 13-SEP-1999 00:00 |
| SS# --   WARD:   ROOM: | REASON : |

PHYSICIAN       :                          PHYS/UPIN#:
CLIENT NAME  :  TDCJ GARZA WEST           CLIENT ID : 80476
                2911 INDEPENDENCE         LOCATION  :
                BEEVILLE  TX 78102

TEST REQUEST :  Sodium, Serum;BUN;Potassium, Serum;Chloride, Serum;Creatinine, Serum;
                Carbon Dioxide, Total;Total Protein/Serum;Albumin, Serum;Calcium, Serum;
                Phosphorus, Serum;Cholesterol, Total;Triglycerides;
                Alkaline Phosphatase, Serum;AST (SGOT);ALT (SGPT);LDH;BILIRUBIN, TOTAL;GGT;

ADDITIONAL INFORMATION:
  COMMENTS: 555

| TEST NAME | NORMAL RESULTS | ABNORMAL RESULTS | UNIT | REFERENCE RANGE | |
|---|---|---|---|---|---|
| **Sodium, Serum:** | | | | | |
| SODIUM | 142 | | MEQ/L | 135-147 | SA |
| **BUN:** | | | | | |
| BUN | 12 | | MG/DL | 5-25 | SA |
| **Potassium, Serum:** | | | | | |
| POTASSIUM | 4.1 | | MEQ/L | 3.5-5.3 | SA |
| **Chloride, Serum:** | | | | | |
| CHLORIDE | 107 | | MEQ/L | 96-109 | SA |
| **Creatinine, Serum:** | | | | | |
| CREATININE | 1.1 | | MG/DL | 0.6-1.5 | SA |
| **Carbon Dioxide, Total:** | | | | | |
| CARBON DIOXIDE | 29 | | MEQ/L | 22-32 | SA |
| **Total Protein/Serum:** | | | | | |
| TOTAL PROTEIN | 8.3 | | G/DL | 6.0-8.5 | SA |
| **Albumin, Serum:** | | | | | |
| ALBUMIN | 4.0 | | G/DL | 3.5-5.3 | SA |
| **Calcium, Serum:** | | | | | |
| CALCIUM | 9.8 | | MG/DL | 8.5-10.8 | SA |
| **Phosphorus, Serum:** | | | | | |
| PHOSPHORUS | 3.8 | | MG/DL | 2.5-4.5 | SA |
| **Cholesterol, Total:** | | | | | |
| CHOLESTEROL | 145 | | MG/DL | 130-200 | SA |
| **Triglycerides:** | | | | | |
| TRIGLYCERIDE | | 266 HIGH | MG/DL | 30-150 | SA |
| **Alkaline Phosphatase, Serum:** | | | | | |
| ALK. PHOS. | 89 | | U/L | 25-140 | SA |

1999-09-15 08:14   ANTHONY J. HERD PA-C

PAGE 1 CONTINUE REPORT   TURNER,DARRYL                80476        14-SEP-1999
Adult reference ranges unless otherwise specified

0013

Case 2:00-cv-00015   Document 24   Filed in TXSD on 12/04/2000   Page 29 of 43

**CONTINUED REPORT**

LABORATORY CORPORATION OF AMERICA - San Antonio
6603 First Park Ten Blvd.
San Antonio, TX 78213 (800-735-9461)
Suzanne Kreisberg M.D.
45D0500432   ZO4582715   CL0271

9/14/99

PAGE: 2
8:58AM

| PATIENT NAME | : TURNER, DARRYL | ACCESSION | : 5595272-1 |
|---|---|---|---|
| PATIENT ID | : 888610 | REQUISITION | : M2669413 |
| PATIENT PHONE | : | REPORTED | : 14-SEP-1999 |
| HOSPITAL ID | : | RECEIVED | : 14-SEP-1999 |
| SEX: M AGE: 31 | DOB: 10-SEP-1968 | COLLECTED | : 13-SEP-1999 00:00 |
| SS# -- | : WARD : ROOM: | REASON | : |

PHYSICIAN
CLIENT NAME : TDCJ GARZA WEST
2911 INDEPENDENCE
BEEVILLE TX 78102

PHYS/UPIN#:
CLIENT ID : 80476
LOCATION :

TEST REQUEST : Sodium, Serum;BUN;Potassium, Serum;Chloride, Serum;Creatinine, Serum;
Carbon Dioxide, Total;Total Protein/Serum;Albumin, Serum;Calcium, Serum;
Phosphorus, Serum;Cholesterol, Total;Triglycerides;
Alkaline Phosphatase, Serum;AST (SGOT);ALT (SGPT);LDH;BILIRUBIN, TOTAL;GGT;
ADDITIONAL INFORMATION:
COMMENTS: 555

| TEST NAME | NORMAL RESULTS | ABNORMAL RESULTS | UNIT | REFERENCE RANGE | |
|---|---|---|---|---|---|
| AST (SGOT): |||||
| SGOT | 19 | | U/L | 0-40 | SA |
| ALT (SGPT): |||||
| SGPT | 24 | | U/L | 0-45 | SA |
| LDH: |||||
| LDH | 208 | | U/L | 0-240 | SA |
| BILIRUBIN, TOTAL: |||||
| T. BILIRUBIN | 0.4 | | MG/DL | 0.1-1.2 | SA |
| GGT: |||||
| GAMMA GT | 21 | | U/L | 0-65 | SA |
| GLOBULIN: |||||
| GLOBULIN | | 4.3 HIGH | G/DL | 2.0-3.9 | SA |
| A:G Ratio: |||||
| A/G RATIO | | 0.9 LOW | RATIO | 1.0-2.3 | SA |
| MAGNESIUM/SERUM: |||||
| MAGNESIUM/SERUM | 1.8 | | MG/DL | 1.5-2.7 | SA |

1999-09-15 08:14   ANTHONY J. HERD PA-C

**PLEASE NOTE REVISED REFERENCE RANGE**

| CBC WITH DIFFERENTIAL/PLATELET: | | | | | |
|---|---|---|---|---|---|
| WBC | 4.7 | | 10-3/CUMM | 4.0-10.5 | SA |
| RBC | 4.87 | | 10-6/CUMM | 4.1-5.6 | SA |
| HEMOGLOBIN | 14.4 | | G/DL | 12.5-17.0 | SA |
| HEMATOCRIT | 42.9 | | % | 36-50 | SA |
| MCV | 87.9 | | CU MICRONS | 80-98 | SA |
| MCH | 29.5 | | PG | 27-34 | SA |
| MCHC | 33.6 | | % | 32-36 | SA |
| NEUTROPHIL | | 35 LOW | % | 40-74 | SA |
| LYMPHOCYTE | 43 | | % | 14-46 | SA |
| MONOCYTE | | 17 HIGH | % | 4-13 | SA |
| EOSINOPHIL | 4 | | % | 0-7 | SA |

PAGE 2 CONTINUE REPORT   TURNER, DARRYL        80476        14-SEP-1999
Adult reference ranges unless otherwise specified

0014

Downloaded from 0015 Document 24 Filed in TXSD on 12/06/2000 Page 30 of 43

CONTINUED REPORT
LABORATORY CORPORATION OF AMERICA — San Antonio
6603 First Park Ten Blvd.
San Antonio, TX 78213 (800-735-9461)
Suzanne L Kreisberg M.D.
45D0500432 Z04582715 CL0271

9/14/99                                                                              PAGE 3
                                                                                     8:58AM

| | |
|---|---|
| PATIENT NAME : TURNER, DARRYL | ACCESSION : 5595272 1 |
| PATIENT ID : 888610 | REQUISITION : M2669413 |
| PATIENT PHONE : | REPORTED : 14-SEP-1999 |
| HOSPITAL ID : | RECEIVED : 14-SEP-1999 |
| SEX : M   AGE : 31   DOB : 10-SEP-1968 | COLLECTED : 13-SEP-1999 00:00 |
| SS# :   WARD :   ROOM : | REASON : |

| | |
|---|---|
| PHYSICIAN | PHYS/UPIN# |
| CLIENT NAME : TDCJ GARZA WEST | CLIENT ID : 80476 |
| 2911 INDEPENDENCE | LOCATION : |
| BEEVILLE TX 78102 | |

**TEST REQUEST :** Sodium, Serum;BUN;Potassium, Serum;Chloride, Serum;Creatinine, Serum;
Carbon Dioxide, Total;Total Protein/Serum;Albumin, Serum;Calcium, Serum;
Phosphorus, Serum;Cholesterol, Total;Triglycerides;
Alkaline Phosphatase, Serum;AST (SGOT);ALT (SGPT);LDH;BILIRUBIN, TOTAL;GGT

**ADDITIONAL INFORMATION:**
**COMMENTS :** 555

| TEST NAME | NORMAL RESULTS | ABNORMAL RESULTS | UNIT | REFERENCE RANGE | |
|---|---|---|---|---|---|
| BASOPHIL | 1 | | % | 0-3 | SA |
| PLATELET COUNT | 182 | | THOUSANDS | 140-415 | SA |
| CBC COMMENTS | NOTE | | | | SA |
| RARE BAND | | | | | SA |
| DIFFERENTIAL REVIEWED AND CONFIRMED | | | | | |
| **URINALYSIS, COMPLETE:** | | | | | |
| COLOR | YELOW | | | YELLOW | SA |
| APPEARANCE | CLEAR | | | CLEAR | SA |
| SPECIFIC GRAVITY | 1.015 | | | 1.003-1.030 | SA |
| pH | | 8.0 HIGH | PH | 5.0-7.0 | SA |
| PROTEIN | NEG | | | NEG | SA |
| GLUCOSE | NEG | | | NEG | SA |
| KETONES | NEG | | | NEG | SA |
| BLOOD | | TRACE ABN | | NEG | SA |
| LEUKOCYTE ESTERASE | NEG | | | NEG | SA |
| NITRITE | NEG | | | NEG | SA |
| BILIRUBIN | NEG | | | NEG | SA |
| UROBILINOGEN | NEG | | | NEG | SA |
| WBC | NONE SEEN | | CELL/HPF | 0-2 | SA |
| RBC/HPF | NONE SEEN | | CELL/HPF | 0-3 | SA |
| **RPR, RFX QN RPR/CONFIRM TP-PA:** | | | | | |
| SYPHILIS SEROLOGY | NR | | | NONREACTIVE | SA |
| **Valproic Acid, Serum:** | | | | | |
| VALPROIC ACID | | 4 LOW | ug/mL | SEE MESSAGE | SA |

          * VALPROIC ACID (Depakene) *
   THERAPEUTIC: 50-100 ug/mL        TOXIC: >125 ug/mL
   PEAK LEVELS ARE ACHIEVED 0.5-1.5 HRS AFTER AN ORAL DOSE IN FASTING
   PATIENTS AND 2-8 IN NON-FASTING PATIENTS.
   THE LOWER LIMIT OF DETECTION IS 4 ug/mL.

PAGE 3 FINAL REPORT FOR TURNER, DARRYL                    80476          14-SEP-1999
Adult reference ranges unless otherwise specified

**Name:** Darryl Turner

**TDCJ No.:** 888610

**Unit:** NH

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

### NURSING CHART REVIEW: FOLLOWING
### INFIRMARY, HOSPITAL, CLINIC REFERRAL

Medical Record Received from:   ☐ TDCJ Hospital/Galveston   ☐ Specialty Clinic

☒ Community Hospital   ☐ Regional Medical Facility   ☐ Psychiatric Inpatient Facility

☐ Specialty Clinic Visit in Community   ☐ Other *(specify)*

Transported By:   ☒ Freeworld Ambulance   ☐ TDCJ Ambulance   ☐ Other

Medications Received: ☐ Yes ☒ No          Consult on File: ☐ Yes ☐ No

Special Appliances:   1. *IV started by EMS*   3.

2.   4.

DIAGNOSIS:

Sizures

Recommended Activity/Referral/Diagnostic Studies/CDC or Special Needs:

1. Blood level in 3 days. Titrate dose according
2.                            to blood level
3.

Recommended Medicines:       100mg fit tab put x 30 days
1. Dilantin   100mg po HID
2.
3.
4.
5.

Recommended PULHES and/or HSM-18 Change:

Recommended Lay-In: _____ Days   Inpatient Admission

Report is illegible; new report requested? ☒ Yes ☐ No   New Lab order

Nurse's Signature: R Thwing LVN   Date/Time: 10-5-99   4:00

Doctor's Signature: A Hondine   Date/Time: 10-5-99   1305
AUTHORIZED

*Please sign each entry with status.*

HSN - 1 Back (Rev. 12/93)

0016

Case 2:00-cv-00015

10/5 Back of hd on cert call *TIME RMS to psych - ?315p ✗ ✗ pg Cert 76.143347*

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION
## EMERGENCY RECORD

| DATE: 10/4/99 | UNIT: NH | | ER NUMBER: NH89136 |
|---|---|---|---|

| TIME IN 1050p | DR. CALLED Stark K 1055 | MODE OF TRANSPORTATION Stretcher/amb | DR. ARRIVED Na | TIME OUT 1145 |
|---|---|---|---|---|

NAME (Last, First, Middle): ~~Turm~~ Turman Darryl    TDCJ-ID #: 885670

PATIENT'S UNIT ASSIGNMENT: C    DOB 9/10/68    AGE: 31    SEX: M    ALLERGIES: Betadine ~~Medicaron~~

CONDITION: _____ STABLE    ✓ GUARDED    _____ SERIOUS    _____ CRITICAL

---

| NURSE ASSESSMENT: | | TIME | 1100 | 2330 | | |
|---|---|---|---|---|---|---|
| Called down to dorm C - O/r on ground c lacuation to | | TEMP | 96.5 | 98.5 | | |
| back of head. O/F had 2 grand mal sieizues one | | B/P | 143/76 | 141/83 | | |
| right after another. Medical down to assess noted | | PULSE | 117 | 110 | | |
| O/F had 4 more grand mal seizures eg one lasting | | RESP | 38 | 36 | | |

5-10 min. O/F unconcious. 9-1-1 activated. Dr
Stark notified inst to transfer to SBCRMC

NURSE SIGNATURE: A Gonzale

HISTORY: _____

EXAMINATION: _____
_____
_____
_____
_____
_____

LAB DATA: _____

DIAGNOSIS/IMPRESSION: Sieizues

TREATMENT/ORDERS:
Transfer to SBCRMC for Eval. + TX

RIGHT --- LEFT    LEFT --- RIGHT

---

| TIME | MEDICATION | DOSAGE | ROUTE | GIVEN BY | IV #1 | | TIME STARTED |
|---|---|---|---|---|---|---|---|
| | | | | | SOLUTION ADDITIVE ~~Dextrose~~ N/S @ 2230p | | |
| | | | | | RATE KVO | | |
| | | | | | SITE (R) forearm | | |
| | | | | | GUAGE 20 G | | |
| | | | | | STARTED BY Orlando Hernandez | | |
| | | | | | AMOUNT INFUSED | | |

DISPOSITION OF PATIENT: to SBCRMC via Ambulance

SIGNATURES: A Gonzale (RN/LVN/PA)    (PHYSICIAN) 10-5-99 9:35 Pm

---

**White** (Patient Health Jacket)    **Yellow** (Unit ER)    **Pink** (In-Patient Admission)

HSM - 16 (Rev. 6/92)

0017    J0494

CMsPDF www.faxio.com

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Turner
**TDCJ No.:** 88?610
**Unit:** Nff

| Date & Time | Notes |
|---|---|
| 10-4-99 2300 | ③ called down to dorm — recieved O/F on floor having a Grand Mal siezure + bleeding from 1 inch cut on the back of head. Grand mal siezure x5. |
| 10-4-99 S330 | Taken to E/R per streeler. 911 called. ↓ Thwingley |
| 10/5/99 0400 | ③ Back from SBCRMC due to Seizures O) 160/80 - 72 - 20 - 98 A) O/F has dressing to ~~forehead~~ *Error AG* back of head O/F has cut where he hit his head on side of bunk. Recieved F/u report from RN Michael at CSBCRMC, O/F was given 1500mg Cirilry IV; Tylenol 1000mg Motrin 800mg, CT Scan ~~normal~~ *Error AG* negative; Labs O.K.; RN states O/F needs to f/u c̄ facility MD, begun Dilatin 100mg ±POTID; Blood level in 3 days; Titrate dose according to blood levels. O/F Alert, oriented x3 P) Reported O/F to see MD/CCC at 10Am and will Adress accordingly; RN verb. understanding O/F release back to security, cell pass issued — AGomezfu |

Please sign each entry with status.
HSM-1 (Rev. 5/92)

0018

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** _Turner_

**TDCJ No.:** _885610_

**Unit:** _NH_

| Date & Time | Notes |
|---|---|
| 7-30-99 1200 | No show for CCC/Education for seizures and or epilepsy.   S. HUDSON LVN/CCN |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

0019

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** Turner, Darryl

**TDCJ No.:** 885610

**Unit:** NH

| Date & Time | Notes |
|---|---|
| 9/22/99 | 1400 Orders noted previous page ——— B. Cisgen L |
| 9/23/99 | 0500: NSC 1523 - wanting medical attention and medication refill sent. You were seen for this problem 9/22/99 and a follow up appointment has been scheduled ——— Willson RN |
| 9/27/99 | 1915: Pt. wrote in C/O of not receiving meds for seizure. Pt. informed that county records have not been received. Chart to chronic care for review ——— Willson RN |
| 9/28/99 | 0500: pt care conference held c̄ chronic care nurse. Chronic Care & MD are are of pt's C/O no treatment at this time ——— Willson RN |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

0020

# CLINIC NOTES
### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** Turner Darryl
**TDCJ No.:** 885610
**Unit:** N H

| Date & Time | Notes |
|---|---|
| 09/21/99 | S) o/f here c/o being a seizure pt. and unhappy about being on top bunk, not getting [Rx] meds for seizures and not getting this lab work back → chart Depakene level ↓, and c nursing tx's. |
| | O) Angry + hostile - because of above statements. T 98.6  P - 72  R - 18  B/P - 130/70 |
| | P) Pass issued to RTC 9/23/99 @ 12 noon for re-evaluation for need of seizure meds by medical. |
| | J. Flowers RN |
| 9/22/99 1220 | S. Eval not getting seizure meds + still in top bunk O. wt 208 - T 98° - P 90 - R 16 - BP 130/82  chart to P.A. |
| 9.22.99 | S = as above. |
| 1340 | O- 31 y/o WDWN BM c Valproic acid level of 4 ↓↓ (50-100)  F/W records requested not received yet  Angry affect c intelligent speech  CN II - XII intact  A: seizure hx  P: Add DP 2BP to P 3CTX 60d d/t seizures |
| Pulles 9/24/99 | 9/23/99  Add III #12 + #25 + II B #2 x 60 d.  No meds  Request Co. jail records  E. Winkler MD |

Please sign each entry with status.
HSM - 1 (Rev. 5/92)

0021

Case 2:00-cv-00015   Document 24   Filed in TXSD on 12/04/2000   Page 37 of 43

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

Name: Turner

TDCJ No.: 885610

Unit: _____

| Date & Time | Notes |
|---|---|
| 9-13-99 0600 | S: HIV HIGH RISK SCREENING |
| | O: AGE-30 PRE-COUNSELING DONE PER TDCJ GUIDELINES. PT. EDUCATION |
| | COMPLETED WITH VERBAL UNDERSTANDING PER PT. TB Class . |
| | A: REFUSED HIV TESTING PER HSM-82 |
| | P: SAFE SEX ENCOURAGED WITH ABSTINENCE WHILE IN TDCJ. M Jeltison |
| 9-14-99 1000 | referral from Intake re: Seizures Scheduled MD/PA CC Seizure Cw 10/5   S. HUDSON LVN/CCN |
| 9/21/99 0800 | SCR 1350 S: do not getting meds for seizures, feet swollen P: Discuss at upcoming appt. |

Please sign each entry with status.

HSM - 1 (Rev 5.92)

0022

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** _Turner Dann_

**TDCJ No.:** _____

**Unit:** _____

| Date & Time | Notes |
|---|---|
| 1038<br>9/9/99 | Here for intake.  See HSM 4.<br><br>Chronic care clinic: |

Chronic care clinic:

- Ø HTN    Ø NIDDM    ✓ Seizure/Epilepsy
- Ø CAD    Ø IDDM    Ø Asthma/COPD

Baselines as indicated:

- Ø CXR    ✓ CBC,SMAC24,UA,VA Smear    Ø HGBA₁C
- Ø EKG    Ø Dilantin    O Phenobarbitol
- Ø Tegretol    Ø Depakote    Ø Theophylline

Miscellaneous Labs: _Depakene_ omg

Intake ifm:

- Ø Accu checks:3 x wk. x 3 wks.    Ø BID x 30 dys.
- Ø B/P checks:3 x wk. x 3 wks.    Ø BID x 7 dys.

Refer to:    Ø psych    ✓ ccc nurse    ✓ Sch. with MD/PA

Medications:

Dan L. Kelley, M.D.

DATE 9/1_ /9_

TIME 6:00  a.m. p.m.

V/O MD/Pa: _Dr Kelly / A Padilla_

MD/PA Sign

noted  SP _S Padilla ln_

Please sign each entry with status.

HSM - 1 (Rev  5 92)

0023

888610

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** TURNER, DARRYL    DOB 09/13/68
TURNER, DARRYL
**TDCJ No.:** DATE REC'D      09/09/99
DATE EXAMINED    09/13/99
**Unit:**

| Date & Time | Notes |
|---|---|
| 1630 | HERE FOR INTAKE |
| 9/9/99 | SEE HSM-4 — 8 B Padilla Lu |
| 9/9/99 1105 | S: Pt claims he was on depakene |
| | O: County chart — state no meds |
| | P: Baseline for seizure i ccc appt so-up SP. |
| 9.13.99 09:30 | Valproic acid level 5mg SL. |
| | Request F/w records d/t seizures |
| | CSP approved — E. Palaca DAC |
| 9/13/99 0940 | Orders noted — B Guzman |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. C-00-15** |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| *Defendants.* | § | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# EXHIBIT B

CibPDF - www.fasiso.com

# THE UNIVERSITY OF TEXAS - MEDICAL BRANCH
## CORRECTIONAL MANAGED HEALTH CARE
### WILLIAM G. MCCONNELL UNIT - TDCJ-ID
### 3001 S. EMILY DRIVE
### BEEVILLE, TEXAS 78102
### (361) 362-2300

TO:        Gerald R. Rawls
           Assistant Attorney General

FROM:      M. J. Herrera, MD
           Associate Regional Medical Director for Western Region

SUBJECT:   Darryl S. Turner       TDCJ# 885610

DATE:      9-1-00

Dear Mr. Rawls:

At the request of your office, I am hereby rendering this expert witness report.

My full name is Maximiliano J. Herrera, M.D. I am a licensed and practicing physician in the state of Texas. At the present time, I am employed by the UTMB-correctional medical department, in the capacity of Associate Medical Director for the Western Region, and facility medical director at the McConnell unit, at Beeville, Texas.

Review of medical records of Offender Turner, TDCJ 885610 shows that on 9-99, he was admitted to the Garza unit, intake facility of TDCJ, at Beeville, Texas.

At his evaluation by the medical personnel, prior to his physical exam, on 9-99 offender Turner stated that he was suffering with seizures and taking depakene a medication also know as Valproic acid, for control of his seizures.

At his physical examination, by physician assistant E. Palacios, offender Turner also stated that he had a history of seizures, apparently controlled by valproic acid. Mr. Palacios reports a history of seizures and addition ordered a blood examination to determine the level of valporic acid in offender Turner's blood. He also requested copies of offender Turner's medical records to collaborate offender's Turner's seizures history and further care. A copy of the transfer form from Bexar county jail dated 9-9-99 and signed by offender Turner stated that had a seizure disorder, however had no indications that he had been medicated for that condition.

Offender Turner's records also reveal that following that visit, he was seen several times at Nurse Sick Call, many times requesting to be placed on his medications and restrictions for that condition.

On 9-22-99, offender Turner was again interviewed by physician assistant Palacios. The clinical

918

note at that date reported a valporic acid level of 4 (non-therapeutic), and it states that medical records requested records from the county jail or another medical sources were not received yet. At that time Mr. Palacios recommended for offender Turner to have restrictions suitable for a person with seizure disorder (lower bunk assignment, sedentary work, no climbing, and no work around machinery with moving parts).

He again requested medical records from Bexar county jail. For the next week, offender Turner was seen at nurse sick call inquiring about his seizure medication. He was scheduled to have an evaluation by the chronic care clinic education nurse to address the matters of his seizures or epilepsy, however he did not show for said appointment.

On 10-4-99, medical personnel were called down to the dormitory where offender Turner was housed. He apparently was having a grand mal seizure with bleeding in the back of his head. He was immediately taken to the medical department and then was taken to the local hospital. He was seen at Cristus Spohn Regional Medical Center and was started on Dilantin for control of his seizures. He was then transferred back to the Garza unit where he then was continued on the recommended medications.

In summary, offender Turner was admitted to Garza intake facility on 9-9-99. Physician assistant Palacios was apparently in the process of evaluating the needs of initiating medications on offender Turner in the absence of seizure activity /or a clear indication by the Bexar county medical transfer notes.

The copies of medical records available to him (PA Palacios) do not include copies of medical records from Bexar county jail nor any other medical facility collaborating the history medication for seizures. The clinical presentation of offender Turner's with acute grand mal seizures on 10-4-99 was the only indication for offender Turner to continue his anti-convulsive therapy.


_____
Dr. Maximiliano J. Herrera
Facility Medical Director

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. C-00-15** |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| *Defendants.* | § | |

**O R D E R**

Be it remembered that on this day came on to be heard Defendants Kelly and Palacios' Motion for Summary Judgment with Brief in Support. The Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED that any and all relief sought by Plaintiff Darryl Turner against Defendants Kelly and Palacios in the above-numbered and styled cause of action is hereby DENIED and judgment is hereby rendered in favor of Defendants Kelly and Palacios.

All relief not specifically granted herein is DENIED.

SIGNED on this the _____ day of _____, 2000.

_____
**JUDGE PRESIDING**