United States District Court
Southern District of Texas
FILED

MAY 22 2001

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. C-00-15 |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| Defendants. | § | |

## DEFENDANTS' PRETRIAL ORDER

### 1. APPEARANCE OF COUNSEL

ATTORNEY FOR DEFENDANTS:

> GERARD R. RAWLS
> Assistant Attorney General
> P.O. Box 12548
> Capitol Station
> Austin, Texas 78711
> (512) 463-2080
> (512) 495-9139 FAX

ATTORNEY FOR PLAINTIFF:

> Darryl Steven Turner
> TDCJ-ID No. 885610
> Gib Lewis Unit
> P.O. Box 9000
> Woodville, Texas 75990

### 2. STATEMENT OF THE CASE

Plaintiff is an inmate incarcerated in the Gib Lewis Unit of the Texas Department of Criminal

Justice - Institutional Division (TDCJ-ID). Plaintiff was incarcerated at the Garza West Unit at the

time of the incident in question. Plaintiff has brought this cause of action against Defendants alleging

37.

a violation of his civil rights. Specifically, Plaintiff claims that the Defendants were deliberately indifferent toward his serious medical needs in violation of his rights guaranteed to him by the Constitution.

Defendants deny all allegations asserted by Plaintiff.

## 3. JURISDICTION

Plaintiff has brought this suit pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon the Court by 28 U.S.C. § 1343. This cause of action does not contain any unresolved jurisdictional questions.

## 4. MOTIONS

1.    Defendants' Motion in Limine.

## 5. CONTENTIONS OF THE PARTIES

### Plaintiff's Contentions:

Please see Plaintiff's pre-trial order.

### Defendants' Contentions:

Defendants contend that they treated Plaintiff in a reasonable manner. They further contend that the steps taken to learn about Mr. Turner's condition ware reasonable. Defendants contend that the allegation of deliberate indifference is rebutted by the following actions: sending requests to the Bear County jail for Plaintiff's medical records twice, checking plaintiff's Valporic acid levels in his blood to determine if Plaintiff was on medication for seizures, assigning Plaintiff work that would not place him in danger with his condition, assigning him housing that would not interfere with his condition, providing Plaintiff with classes that would help him with his condition.

## 6. ADMISSIONS OF FACT

1.  Plaintiff Darryl Turner is an inmate confined within the TDCJ-ID.

2.  Turner was confined at the TDCJ-ID's Garza West Unit in Beeville, Texas, from
    September 9, 1999 to October 5, 1999.

3.  Defendants Kelly and Palacios were employed by UTMB as medical personnel
    on September 12, 1999, at the Garza West Unit.

4.  On September 9, 1999, Plaintiff was seen in the infirmary for intake. At that time
    Plaintiff claimed that he was on Depakene, a seizure medication. The Texas
    Uniform Health Status Update from the Bexar County jail did not indicate that
    Plaintiff was on Depakene or any other medication. A Chronic Care Clinic
    appointment was set and an order for blood examination to determine the level
    of Valporic acid in Plaintiff's blood was issued.

5.  On September 13, 2000, Plaintiff's medical records were ordered from Bexar
    County.

6.  On September 14, 1999, Plaintiff had a blood analysis to determine the amount
    of Valporic acid and the level was at 4.

7.  On September 22, 1999, Plaintiff was seen in medical by Defendant Palacios.
    Plaintiff's restrictions were changed to lower bunk, sedentary work, no climbing,
    and no work around machinery. At that time Valporic acid level was 4 which
    indicted non-therapeutic for seizures. Plaintiff's medical records were again
    ordered from Bexar County.

8.  On September 30, 1999, Plaintiff did not attend his education class for seizures

and epilepsy.

9. On October 4, 1999, Plaintiff had five grand mal seizures and was taken from the

Unit to the Cristus Spohn Regional Medical Center. Plaintiff was given Dilantin

to control his seizures.

## 7. CONTESTED ISSUES OF FACT

1.    Whether Defendants are entitled to qualified immunity.

2.    Whether Plaintiff's right to be free from cruel and unusual punishment

was violated by Defendants.

3.    Whether the Defendants acted with deliberate indifference toward Plaintiff's

serious medical needs.

4.    Whether Plaintiff suffered any injury or harm as a result of the incident which forms

the basis of his complaint.

## 8. AGREED PROPOSITIONS OF LAW

There are no agreed propositions of law.

## 9. CONTESTED PROPOSITIONS OF LAW

1.    Whether the Defendants are entitled to qualified immunity.

2.    Whether the Defendants are entitled to official immunity.

## 10. EXHIBITS

Defendants' exhibit list is attached as Attachment 1.

## 11. WITNESSES

Defendants' witness list is attached as Attachment 2.

## 12.  SETTLEMENT

This cause of action cannot be settled.  The cause of action will have to tried.

## 13.  TRIAL

A.      The probable length of trial for this cause of action is two (2) days.

B.      Defendants cannot foresee a logistical problem with this cause of action.

## 14.  ATTACHMENTS

A.      This cause of action is a jury trial:

   (1)      Proposed questions for the voir dire examination.

         Defendants' questions are attached as Attachment 3.

   (2)      Proposed charge, including instructions, definitions, and special interrogatories, with authority.

         See Attachment 4.


                        Respectfully submitted,

                        JOHN CORNYN
                        Attorney General of Texas

                        ANDY TAYLOR
                        First Assistant Attorney General

                        MICHAEL T. MCCAUL
                        Executive Assistant Attorney General

                        PHILLIP E. MARRUS
                        Assistant Attorney General
                        Chief, Law Enforcement Defense Division

GERARD R. RALSS
Assistant Attorney General
State Bar No. 90001974
Southern District No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Gerard R. Rawls, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Pre-trial Order** has been served by placing same in the United States mail on this the 18th day of May, 2001, addressed to:

Darryl Steven Turner
TDCJ-ID No. 885610
Gib Lewis Unit
P.O. Box 9000
Woodville, Texas 75990

GERARD R.RAWLS
Assistant Attorney General

GRRI/CASES/TURNER v PALACIOS/PTO/Page 6

# Attachment 1

CVisPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

*DARRYL STEPHEN TURNER* §
     *Plaintiff,* §
 §
**v.** § **Civil Action No. C-00-15**
 §
*DR. PALACIOS, ET AL.,* §
     *Defendants.* §

## DEFENDANTS' EXHIBIT LIST

| No. | Description | Identified By: | Admitted | Restrictions |
|-----|-------------|----------------|----------|--------------|
| 1 | Relevant protions of Plaintiff's TDCJ-ID Medical Records | Defendants | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# Attachment 2

CVISPDF – www.faviso.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DARRYL STEPHEN TURNER** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. C-00-15** |
| | § | |
| **DR. PALACIOS, ET AL.,** | § | |
| *Defendants.* | § | |

## DEFENDANTS' WITNESS LIST

1.  Dan Kelly, MD
    Garza West Unit
    HCO2, box 995
    Beeville, Texas 78102

    He is a defendant in this cause of action. He will testify as to his personal involvement in this cause of action. He will also testify to the policies and procedures of the University of Texas Medical Branch and of the Texas Department of Criminal Justice-Institutional Division.

2.  Esteban Palacios, PA
    P.O. Box 12548
    Capitol Station
    Austin, Texas 78711

    He is a defendant in this cause of action. He will testify as to his personal involvement in this cause of action. He will also testify to the policies and procedures of the University of Texas Medical Branch and the Texas Department of Criminal Justice, Institutional Division.

3.  M. Herrera, MD
    McConnell Unit
    3001 S. Emily Drive
    Beeville, Texas 78102

    Please see expert report.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

# Attachment 3

CVISPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. C-00-15 |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| *Defendants.* | § | |

## DEFENDANTS' REQUESTED JURY VOIR DIRE

Defendants in the above styled and numbered cause requests that the following questions be asked of the jury panel, in the same or substantially similar wording:

1. Have you or any members of your family or close friends ever had any dealings with the Office of the Attorney General, or have you or any relatives or close friends ever worked for the Office of the Attorney General or been involved in a lawsuit in which one side was represented by the Office of the Attorney General?

2. Have you or members of your family or close friends ever sued the State of Texas, an agency of the State or any employees of the State? (If yes, give details).

3. Have you, your family members or close friends ever been a plaintiff in a lawsuit for any reason? (If yes, give details).

4. Do you know, or have you, your family members, or close friends, ever had any dealings whatsoever with any of these individuals? (Plaintiff, Defendants and parties witnesses)

5. Some of the witnesses may be correctional officers. Would any of you be less inclined

to credit the testimony of a correctional officer simply because of his position?

6. Have you, your family members or close friends ever been arrested? Did the arrested person feel that they had been unfairly treated during or after the arrest? Was the arrested person placed in jail or prison? If so, did he or she feel that he or she had been mistreated by the guards or other inmates?

7. Have your or your family members or close friends been diagnosed with a seizure disorder? If so, please explain? Was medication prescribed?

8. Are any of you, your family members, or close friends, lawyers or law students, or have any of ever studied law in the past? (If yes, explain type of practice or law study).

9. Have any of you, your family members or close friends ever been a witness to, victim of, or detained, or arrested for any crime? (Would your experience affect your ability to be a fair and impartial juror in this case?).

10. Have any of you ever sat on a jury in a civil trial?

11. Do any of you feel that just because a person is injured during an incident, mentally or physically, that someone else must be at fault?

12. Has anyone formed or expressed an opinion that a plaintiff generally or this plaintiff should recover from the defendant?

13. Do any members of the panel belong to any organization which has as one of its goals the protection of civil rights? Would this affiliation make you more likely to favor the plaintiff if he says his civil rights were violated?

14. Have any of you, your family members or close personal friends ever filed a claim or complaint or are planning to file a claim or complaint concerning discrimination or violation of your

civil rights?

15. Have any of you, your family members or close personal friends participated in a prison outreach or prison ministry organization?

16. Based on everything you now know about the case, have you formed an opinion as the plaintiff's right to recover against the defendant, or do you feel that there is any reason why you cannot render a fair and impartial verdict based solely on the evidence you hear at trial and the law as I instruct you in it, and without regard to passion, prejudice or sympathy? (If yes, approach the bench and explain).

17. Does anyone on the panel have any medical training?

18. In your opinion what does it mean to DISREGARD?

19. Is there a question that was not asked that you think, If only I were asked that question I would have given this answer?

# Attachment 4

CVISPDF – www.fasiio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. C-00-15** |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| *Defendants.* | § | |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Section 1983 of Title 42 of the United States Code provides any citizen may seek redress in this Court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove his claim against a Defendant under this statute, the Plaintiff must establish by a preponderance of the evidence each of the following elements:

(1)     the Defendant intentionally committed acts which operated to deprive the Plaintiff of a right secured by the Constitution of the United States;

(2)     the Defendant acted under color of the authority of the State of Texas; and

(3)     the Defendant's acts were the legal cause of the Plaintiff's damages.

In this case you are instructed the Defendants were acting under color of state law at the time of the alleged occurrence which is the basis for the Plaintiff's lawsuit.

It is important in your deliberations for you to be aware this action arises in a prison institution. In view of this unique nature of the prison environment, prison officials, such as the

Defendants, are given broad discretion to maintain the security, order and discipline of the prison. Therefore, broad deference should be given to prison official's management decisions. By its very nature, the operation of a prison is a dangerous task. The reasonableness of a Defendant's actions must be determined against the backdrop of the prison environment.

You are hereby instructed even if the Plaintiff can demonstrate a Defendant acted in violation of an administrative rule or regulation established by prison authorities, such violation alone does not constitute a violation of Section 1983 of Title 42 sufficient for the Plaintiff to prevail. The Plaintiff must prove his federal constitutional right to be free from cruel and unusual punishment was violated. A violation of a rule or regulation does not by itself entitle Plaintiff to a favorable verdict.

The Plaintiff must also prove by a preponderance of the evidence the act by a Defendant was a cause-in-fact of the damage the Plaintiff suffered. An act or failure to act is a cause-in-fact of an injury or damages if it appears from the evidence the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence the act by the Defendant was a proximate cause of the damage the Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence the injury or damage was a reasonably foreseeable consequence of the act or omission.

Plaintiff claims prison officials, demonstrating deliberate indifference to his serious medical needs, violated his Eighth Amendment constitutional rights. Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In order to prove a violation under the Eighth Amendment, the Plaintiff must show the Defendants unnecessarily and wantonly inflicted harm on him.

To show that his Eighth Amendment rights were violated because he received inadequate medical care, the Plaintiff must prove the Defendants exhibited a deliberate indifference to his serious medical needs. In order to prove a violation under the Eighth Amendment the Plaintiff must prove each of the following three elements by a preponderance of the evidence:

> First: that Defendants displayed deliberate indifference to Plaintiff's serious medical needs; and

> Second: that Defendants' deliberate indifference caused harm to Plaintiff.

If Plaintiff fails to prove either of these elements, you must find for the Defendants. The first element is to be evaluated by a subjective analysis of the Defendants and his state of mind. To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of negligence, mistake or accident.

Deliberate indifference can only result from a culpable or punitive state of mind on the part of the prison official. Unless the prison official knows of and disregards an excessive risk to inmate health or safety then he or she has not demonstrated deliberate indifference. A prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must make that inference.

Prison officials are not liable for deliberate indifference if they were unaware of even an obvious risk to inmate health or safety, if they did not know of the underlying facts indicating a sufficiently substantial danger, they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent, they knew of a substantial risk to inmate health or safety and responded reasonably to the danger, even if the harm was not ultimately averted.

A serious medical need is one that has been diagnosed by a physician as requiring treatment,

or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.

Even if the plaintiff can demonstrate mistake, negligence, gross negligence, or medical malpractice by the defendants, that by itself is not sufficient to show deliberate indifference. The plaintiff must show that the defendants both know of a substantial risk to the plaintiff's health, and that they deliberately disregarded that risk.

You should not interpret the fact I am giving instructions about the Plaintiff's damages as an indication I believe the Plaintiff should, or should not recover damages. I am instructing you on damages only so you will have guidance in the event you decide the Plaintiff is entitled to recover money damages.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If the Plaintiff has proved his claim against a Defendant by a preponderance of the evidence, you must determine the damages, if any, to which the Plaintiff is entitled.

If you find any or all Defendants are liable to the Plaintiff, then you must determine an amount which is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole-that is, to compensate the Plaintiff for the damage he has suffered. If the Plaintiff prevails, then he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort he has suffered because of a Defendant's conduct.

You may award compensatory damages only for injuries the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages you award must

be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing compensatory damages may be difficult, but you must not let this difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

If you find a Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages he has proven.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence. You may award damages for any bodily injury the Plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life the Plaintiff experienced in the past as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

In answering the questions which I submit to you, answer "Yes" or "No" unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find

a preponderance of the evidence supports a "Yes" answer, then answer "No".

CltIPDF – www.fastio.com

# QUESTION NO. 1

Do you find by a preponderance of the evidence that any of the Defendants were deliberately indifferent to Plaintiff's serious medical needs?

Answer "Yes" or "No" as to each Defendant.

Dan Kelly, MD                        Answer:_____

Esteban Palacios, PA                 Answer:_____


If you answered "Yes" to Question No. 1 as to any Defendant, then answer Question No. 2 only as to such Defendant. If you answered "No" in Question No. 1 as to all Defendants then do not answer any more questions. Sign the verdict form and give it to the Marshall.

GRR1/CASES/TURNER v PALACIOS/PTO/Page 16

# QUESTION NO. 2

Do you find by a preponderance of the evidence the Plaintiff suffered bodily injury which was proximately caused by deliberate indifference to his serious medical needs?

Answer "Yes" or "No" as to each Defendant for whom you answered "Yes" in Question No. 1.

Dan Kelly, MD                              Answer:_____

Esteban Palacios, PA                       Answer:_____

If you answered "no" for all Defendants for whom you were required to answer, then do not answer any more questions.  Sign the verdict form and give it to the Marshall.  Otherwise, answer Question No. 3.

## QUESTION NO. 3

What amount of money, if any, do you find from a preponderance of the evidence, if paid now in cash, would fairly and reasonably compensate the Plaintiff for his physical injury and any accompanying pain and suffering which resulted from the deliberate indifference to his serious medical needs?

Do not include interest on any amount of damages you find.

Answer in dollars and cents.

Answer:_____

Sign the verdict form and give it to the Marshall.

## <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

**DATED** _____, 2001.


_____
Presiding Juror