United States District Court
Southern District of Texas
FILED

MAY 3 1 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DARRYL STEPHEN TURNER §
    Plaintiff, §
§
v. § Civil Action No. C-00-15
§
DR. PALACIOS, ET AL., §
    Defendants. §

**DEFENDANTS' MOTION TO RECONSIDER DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Defendants Dan Kelly, MD, and Stephen Palacios, PA, by and through the Attorney General of Texas, and file this **Defendants' Motion to Reconsider Defendants' Motion for Summary Judgment**. In support thereof, Defendants would show as follows:

On May 4, 2001, the Court denied Defendants' Motion for Summary Judgment. Within the body of the order the Court declined to consider the expert report attached as Exhibit B to the motion. The Court did not consider the report because it was not proper summary judgment evidence under rule 56(c) FRCP.

Defendants have corrected the error and now present the court with an original affidavit sworn to and made under penalty of perjury as Exhibit A to this motion. Defendants believe that this case may be resolved by motion and respectfully request that the Court reconsider their motion for summary judgment. Defendants regret the inconvenience caused by this inadvertent error, but submit that public time and resources could be conserved by reconsideration of the motion prior to trial by jury.

39.

# I.

The Court, in its order denying Defendants motion for summary judgment, states that a jury could find that Defendant Palacios acted with deliberate indifference because he stated that he would not prescribe Plaintiff anti-seizure medication until he had witnessed plaintiff have a seizure. In lite of that fact/allegation the other actions that Defendant Palacios undertook to address Plaintiff's seizure allegations were reasonable. Palacios assigned Plaintiff a low bunk, placed him on work restrictions consistent with a seizure patient, took Plaintiff's blood levels, ordered records from Bexar County and the Chicago medical facility. As the Court is well aware, medical facilities can not and will not provide medical information over the phone. Therefore, faxing Bexar County and the Chicago medical facility with requests for Plaintiff's records was reasonable.

As for Plaintiff's claims against Dr. Kelly, Plaintiff has not produced any evidence of his alleged I-60's that he sent to Dr. Kelly. Additionally, Plaintiff was being seen by Defendant Palacios for his medical problems. Plaintiff was not happy with the medical care the he was receiving from Defendant Palacios so he allegedly contacted Defendant Kelly about his medical care. This is a disagreement with the medical care that Plaintiff was receiving. An inmate's disagreement with his medical treatment is insufficient to state a claim for Eighth Amendment deliberate indifference to medical needs. *Norton v, Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Defendants would also show the Court that Plaintiff Turner did not respond to their motion for summary judgment as the Court ordered on January 19, 2001 [DE #27]. Plaintiff did file an Affidavit on 2-12-01 [DE #31]. This document contains no response to Defendants summary judgment that the Court ordered Plaintiff to submit.

This motion is not submitted for the purpose of delay. Defendants should not be penalized for counsels inadvertence with regard to Exhibit B of their motion for summary judgment. The

undersigned apologizes to the Court for any inconvenience that has been caused. Plaintiff will not be prejudiced by reconsideration of Defendants' motion.

Wherefore, Defendants request that the Court reconsider their motion for summary judgment with the affidavit of Dr. Herrera as competent summary judgment evidence. Defendants further request that the trial scheduled for June 11, 2001, be continued until Plaintiff files a response to Defendants motion for summary judgment and/or until Defendants Motion for Reconsideration is ruled upon.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD BALDWIN
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

GERARD R. RAWLS
Assistant Attorney General
Attorney-in-Charge
State Bar No. 90001974
Southern Dist. No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone: (512) 463-2080
Fax No: (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
KELLY AND PALACIOS**

## CERTIFICATE OF SERVICE

I, GERARD R. RAWLS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the **Defendants' Motion to Reconsider Defendants' Motion for Summary Judgment** has been served by placing same in the United States mail on this the 30TH day of May, 2001 addressed to:

Darryl S. Turner, TDCJ-ID No. 885610
Byrd Unit
P.O. Box 100
Huntsville, Texas 77342-0100

_____
GERARD R. RAWLS
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *DARRYL STEPHEN TURNER* | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. C-00-15 |
| | § | |
| *DR. PALACIOS, ET AL.,* | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO RECONSIDER DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

# EXHIBIT A

# AFFIDAVIT

§
§
§

BEFORE ME, the undersigned authority, on this day personally appeared Maximiliano J. Herrera, known to me to be the person whose signature appears below, and after being duly sworn upon oath, deposed and stated as follows:

"My name is Maximiliano J. Herrera, M. D. I am a licensed and practicing physician in the State of Texas. At the present time, I am employed by the UTMB-correctional medical system in the capacity of Associate Medical Director for the Western Region, and facility medical director at the Garza Unit, at Beeville, Texas.

A review of the records of Offender Darryl S. Turner, TDCJ #885610 shows that on 9-99, he was admitted to the Garza Unit, intake facility of TDCJ, at Beeville, Texas.

On admission by the medical personnel, prior to his physical exam, on 9-99 offender Turner stated that he was suffering with seizures and taking depakene a medication also known as Valproic acid for the control of his seizures.

At his physical examination, by physician assistant E. Palacios, offender Turner also stated that he had a history of seizures, apparently controlled by valproic acid. Mr. Palacios reports a history of seizures and addition ordered a blood examination to determine the level of valporic acid in offender Turner's blood. He also requested copies of offender Turner's medical records to document offender Turner's seizure history and further care. A copy of the transfer form from Harris County jail dated 9-9-99 and signed by offender Turner stated that had a seizure disorder, but no indications that he had been medicated for that condition.

Offender Turner's records also reveal that following that visit, he was seen several times at sick call clinics requesting to be placed on his medications and restrictions for that condition.

On 9-21-99, offender Turner was again interviewed by physician assistant Palacios. The medical records at the date reported a valporic acid level of 4 (non-therapeutic), and it states that medical records requested records from the county jail or another medical sources were not received yet. At that time Mr. Palacios recommenced for offender Turner to have restrictions suitable for a person with a seizure disorder (lower bunk assignment, sedentary work, no climbing, and no work around machinery with moving parts.).

Affidavit of Maximiliano J. Herrera, M. D.
Page 1 of 2

... requested medical records from Bexar county jail. For the next week, offender ... sick call inquiring about his seizure medication. He was scheduled to have ... by the chronic care clinic education nurse to address the matters of his seizures of ... however he did not show for said appointment.

... medical personnel were called down to the dormitory where offender Turner was ... apparently was having a grand mal seizure with bleeding in the back of his head. He was ... taken to the medical department and then was taken to the local hospital. He was seen ... Regional Medical Center and was started on Dilantin for control of his seizures. He was then transferred back to the Garza Unit where he then was continued on the recommended medications.

In summary, offender Turner was admitted to Garza intake facility on 9-9-99. Physician assistant Palacios was apparently in the process of evaluating the needs of initiating medications on ... Turner in the absence of seizure activity / or a clear indication by the Bexar County medical ...

... the medical records available to him (PA Palacios) do not include copies of ... from Bexar county jail nor any other medical facility collaborating the history ... The clinical presentation of offender Turner with acute grand mal seizures ... the only indication for offender Turner to continue his anti-convulsive therapy.

"Further affiant sayeth not."

Maximiliano J. Herrera, MD
Associate Medical Director for the Western Region
Facility Medical Director at the McConnell Unit
Texas Department of Criminal Justice-Institutional Division

SUBSCRIBED AND SWORN TO before me on this the _10_ day of May, 2001.

NOTARY PUBLIC, State of Texas

[Notary seal: DAMONA FOX, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 06/17/02]

Affidavit of Maximiliano J. Herrera, M. D.
Page 2 of 2

# CURRICULUM VITAE

NAME: Maximiliano J. Herrera, M.D.                    DATE: 2/02/99

PRESENT POSITION AND ADDRESS:
    Medical Director McConnel Unit UTMB-TDCJ
    3001 South Emily Drive
    Beeville, Texas 78102

BIOGRAPHICAL: Date and place of birth, citizenship, home address.
    January 10, 1942, Puebla, Mexico
    American
    13542 Queen Johanna Court
    Corpus Christi, Texas 78418

EDUCATION: Dates, field of study, degrees, location - for undergraduate, graduate, and
        Postgraduate training.

    Baccalaurate of Medicine 1959, Victoria, Mexico
    Medical School: University of Nuevo Leon, Monterrey, Mexico 1966, M.D.
    Internship, Baptist Memorial Hospital, San Antonio, Texas, 1969
    Residency, Pathology, Fort Sam Houston, Texas 1974.

PROFESSIONAL AND TEACHING EXPERIENCE: Dates, position, location.

    United States Army, 1970-1975,
    Private Practice, Family (Solo Practice), 1975-1996
    Deputy Medical Examiner, 1974-1975, Bexar County Texas
    Correctional Medicine, Bexar County, Texas, 1993- 1996
    UTMB Correctional Medicine, 1996 to present
    (Medical Director, Dominquez State Jail, Medical Director, Garza and McConnel
    State Jails, Medical Director McConnel Unit. Associate Regional Director, Western
    Region). UTMB-TDCJ Correctional Managed Care